Receipt Number

540738

ORIGINAL

40

ex A·B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVI

NEW WORLD SYSTEMS CORPORATION,

Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

Defendants.

Case: 2:06-cv-11603
Assigned To: Hood, Denise Page
Referral Judge: Morgan, Virginia M
Filed: 04-04-2006 At 11:55 AM
REM NEW WORLD SYS CORP V CHAUNCEY J
ONES, ET AL (LG)

Oakland County Circuit Court
Case No. 06-073360-CK

## NOTICE OF REMOVAL

Defendants Chauncey Jones and Tyler Technologies, Inc., by and through their

counsel, and by this Notice respectfully state as follows:

1.    On March 22, 2006, Plaintiff New World Systems Corporation (Plaintiff)

filed a lawsuit against Defendants in the State of Michigan Circuit Court for the County

of Oakland, Case No. 06-073360-CK.

2.    Plaintiff served its state court complaint on Defendant Chauncey Jones

(Jones) on March 24, 2006, and on Defendant Tyler Technologies, Inc. (Tyler) on March

24, 2006.

3.      Defendants have filed this Notice of Removal within 30 days of receipt of the initial pleading setting forth the claim for relief upon which this proceeding is based, in accordance with 28 U.S.C. § 1446(b).

4.      At the time Plaintiff commenced this action and through the present time, Tyler Technologies was and is duly organized, incorporated and existing under the laws of the state of Delaware with its principal place of business in Dallas, Texas.

5.      At the time Plaintiff commenced this action and through the present time, Defendant Jones is an individual residing in Florida.

6.      Plaintiff alleges, and Defendants believe, that Plaintiff is a Michigan corporation with its principal place of business in Troy, Michigan.

7.      This Court has diversity jurisdiction over the parties to this action pursuant to 28 U.S.C. § 1332 because this is a civil action, Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

8.      Upon information and belief, Defendants assert that the amount in controversy exceeds the jurisdictional minimum of $75,000, because (1) Plaintiff alleges in its Complaint, ¶ 34, that it has suffered or will suffer damages, including lost profits; (2) Plaintiff alleges that Defendant Jones has "purchased the goodwill of Plaintiff" due to an alleged breach of an employment agreement, ¶ 46; (3) Plaintiff's attorney fees in this case, which it seeks to recover from Defendants, will likely exceed $75,000; and (4)

2

the aggregate of Plaintiff's alleged lost profits, claimed future damages, and claim for attorney fees will almost certainly exceed $75,000.

9.      In addition to Plaintiff's claims for substantial damages, Plaintiff also seeks injunctive relief, the value of which to Plaintiff or to Defendants, Defendants are informed and believe, exceeds $75,000.

10.     Because of this Court's diversity jurisdiction, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446.  This is not a non-removable action under 28 U.S.C. § 1445.

11.     Defendant has attached as Exhibit A copies of all process, pleadings, and other orders served upon it in this action.

12.     Defendant will file a copy of this Notice of Removal with the Clerk of Circuit Court for the County of Oakland, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants Chauncey Jones and Tyler Technologies, Inc. request that the above-referenced civil action in the Circuit Court for the County of Oakland, Michigan, be removed to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

VERCRUYSSE MURRAY & CALZONE PC

By: _____

Daniel J. Bernard (P34225)
Suite 200, 31780 Telegraph Road
Bingham Farms, MI  48025-3469
(248) 540-8019

Dated:  April 4, 2006                    Attorneys for Defendants


## CERTIFICATE OF SERVICE

The undersigned certifies that she served the foregoing Notice of Removal upon:

Ralph R. Safford (P24633)
Safford & Baker, PLLC
40900 Woodward Avenue, Suite 275
Bloomfield Hills, MI  48304
Attorneys for Plaintiff

by facsimile and by  first class mail, postage fully prepaid, on April 4, 2006.

_____

Jacqueline A. Bole

4



**STATE OF MICHIGAN**
**OAKLAND COUNTY CIRCUIT COURT**



06-073360-CK

NEW WORLD SYSTEMS CORPORATION,

                            Plaintiff,

v.

CHAUNCEY JONES and TYLER
TECHNOLOGIES, INC.,

                            Defendants.

Case No.
Hon.

---

SAFFORD & BAKER, PLLC
Ralph R. Safford (P24633)
Mary Ann Hart (P48994)
Attorneys for Plaintiff
40900 Woodward Avenue, Suite 275
Bloomfield Hills, Michigan 48304
(248) 646-9100

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

---

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

New World Systems Corporation ("New World"), by and through its attorneys, Safford & Baker, PLLC, and Claudia V. Babiarz, complains against Defendants Chauncey Jones and Tyler Technologies, Inc. ("Tyler") as follows:

1.     New World is a corporation incorporated under the laws of the State of Michigan which maintains its principal place of business in Oakland County, Michigan.

2.     Defendant Jones is an individual residing in Hillsborough County, Florida.

3.    Defendant Tyler is a corporation incorporated under the laws of the State of Delaware which does business in Oakland County, Michigan.

4.    Venue is proper in this Court pursuant to M.C.L. 600.1621.

5.    Jurisdiction is proper in this Court because New World is seeking equitable relief not within the jurisdiction of the district court.

6.    This Court has jurisdiction over Defendant Jones pursuant to M.C.L. 600.745(2) because the parties agreed in writing that disputes related to their agreement would be brought in Oakland County, Michigan. See **Exhibit 1**, ¶ P.

**BACKGROUND**

7.    New World is a public sector software company that develops, markets, and supports integrated standard software solutions for use by local and state governments.   New World's primary (but not exclusive) market consists of cities and counties within the United States.

8.    From September 1998 to January 2006, New World employed Defendant Jones as a sales representative.

9.    On September 21, 1998, New World and Defendant Jones entered into an Employment Agreement.   Relevant excerpts from the Employment Agreement are attached to this Verified Complaint as **Exhibit 1**.

10.    The Employment Agreement contains a Non-Competition provision pursuant to which Jones agreed that, in the event that he was employed with New World for six or more years, he would not compete with New World for a period of four years after the termination of his employment with New World. **Exhibit 1**, p. 2.

2

11.     The Employment Agreement contains a Non-Disclosure provision pursuant to which Jones agreed that he would not

> directly or indirectly use, disclose or distribute information or property held confidential by New World including, without limitation, contracts, proprietary information, trade secrets, Customer lists, prospect lists, employee lists, business practices, methods, inventions, discoveries, mailing lists, pricing information, sales records, price lists, contracts, forecasts, computer programs, formulas, technical information, and/or other tangible or intangible property relating to New World's business. [**Exhibit 1**, p. 3.]

12.     New World assigned Defendant Jones to solicit sales of New World products and services in Florida, Alabama, South Carolina, and Mississippi.  For a period of time during his employment, Defendant Jones' territory also included Georgia and North Carolina.

13.     New World provided Defendant Jones with a company laptop computer and other New World property and equipment.  New World also provided Defendant Jones with confidential information to assist him in his sales position.

14.     Defendant Jones agreed to return the laptop computer to New World within twenty-four hours of the termination of his employment with New World.  See **Exhibit 2**.

15.     The information stored on the laptop issued to Defendant Jones includes New World's database of prospect and customer information, which includes data accumulated by New World employees, including facts about current and prospective New World customers; sales leads; purchase timeframes; buying needs; contact names, addresses, and phone numbers; and other competitive information.

16.    Most, if not all, of the documents containing confidential and highly sensitive information are marked "Confidential." See, e.g., **Exhibit 3** (cover page of New World Price List).

17.    In January 2006, New World terminated Defendant Jones' employment.

18.    Pursuant to ¶ I of the General Terms and Conditions of Employment section of the Employment Agreement, upon termination of his employment, Defendant Jones was obligated to deliver to New World all of the New World property and confidential information in his possession.

19.    Following the termination of his employment with New World, despite repeated requests from New World (both verbally and in writing), Defendant Jones failed to return to New World his company laptop, projector, and other New World property, as well as the confidential information in his possession.

20.    Upon information and belief, Defendant Jones is in possession of some or all of the following New World confidential materials:  customer information; customer surveys; customer assignment lists; budgets; telephone and/or employee lists; New World price books and/or price lists; New World's Sales Playbook; New World's policies and procedures; New World proposals submitted to prospects and/or customers; sales forecasts; territory reviews; sales pipeline information; database and other confidential information stored on the New World laptop computer; as well as other confidential information that is clearly marked as such.

21.    Defendant Tyler is a public sector software company that directly competes with New World.

4

22.     Approximately six weeks after the termination of Defendant Jones' employment, New World learned that Defendant Jones had obtained or was seeking employment with Defendant Tyler.

23.     On March 8, 2006, David Materne, New World's Vice President of Finance & Administration, notified Defendant Tyler that Defendant Jones had executed a non-competition agreement with New World. Materne further stated that New World would consider Defendant Jones' employment with Defendant Tyler to be a violation of the parties' non-competition agreement. See **Exhibit 4**.

24.     On March 10, 2006, a New World employee attended a pre-proposal conference for the city of Palm Beach, Florida, a prospective customer.

25.     Defendant Jones was at the Palm Beach conference and introduced himself as a sales representative for Defendant Tyler. After the conference, Defendant Jones told the New World employee that he was selling software for Defendant Tyler, but refused to disclose which Tyler division he was representing.

26.     Palm Beach had been pursued by Defendant Jones during his employment with New World.

27.     Upon information and belief, Defendant Jones may be calling on many of the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for New World, selling products and services in direct competition to those offered by New World.

28.     On March 16, 2006, New World's general counsel, Claudia Babiarz, notified the general counsel for Defendant Tyler of (a) the existence of the non-competition and non-disclosure provisions of the Employment Agreement, and

(b) New World's legitimate concerns that Defendant Jones will inevitably use and disclose New World's confidential information in his new position as a sales representative for Defendant Tyler. See **Exhibit 5**.

29.　　As of the date of the filing of this Verified Complaint, Defendant Tyler has not agreed to reassign Defendant Jones to a non-competitive division or to terminate his employment as a sales representative.

30.　　As of the date of the filing of this Verified Complaint, Defendant Jones has not returned any of New World's property or confidential information.

### COUNT I – BREACH OF NON-COMPETITION COVENANT [DEFENDANT JONES]

31.　　New World incorporates by reference ¶¶ 1–30 of this Verified Complaint.

32.　　The Non-Competition provision of the Employment Agreement protects New World's reasonable competitive business interests and is reasonable as to duration, geographical area, and type of employment restricted.

33.　　Defendant Jones' actions and inactions listed above constitute breaches of the Non-Competition provision of the Employment Agreement.

34.　　As a direct and proximate result of these breaches, New World has suffered or will suffer damages that were reasonably foreseeable by Defendant Jones, including lost profits.

35.　　Pursuant to § J(1) of the General Terms and Conditions of Employment section of the Employment Agreement, New World has the right to injunctive relief and specific enforcement of the Non-Competition provision.

36.     In addition to any other damages to which New World is entitled, pursuant to § J(2) of the General Terms and Conditions of Employment section of the Employment Agreement, Defendant Jones is deemed to have purchased the goodwill of New World, as set forth in § J(2), through his breach of the Non-Competition provision.

37.     Pursuant to § J(3) of the General Terms and Conditions of Employment section of the Employment Agreement, New World is entitled to recover its actual costs and attorney fees from Defendant Jones.

### COUNT II – BREACH OF NON-DISCLOSURE COVENANT [DEFENDANT JONES]

38.     New World incorporates by reference ¶¶ 1–37 of this Verified Complaint.

39.     In the conduct of New World's business, it has restricted access to its trade secrets and its confidential and proprietary information to certain select employees and to a limited number of others with whom it maintains non-disclosure agreements or confidential relationships.

40.     Defendant Jones' failure to comply with his contractual obligation to return his New World laptop and any other New World property and confidential information in his possession is evidence of bad faith.

41.     New World's confidential and proprietary information will be useful to Defendants and provide them with an unfair competitive advantage as they compete with New World.

42.     Unless restrained, it will be virtually impossible for Defendant Jones to avoid violating the Non-Disclosure provision of the Employment Agreement by

7

(a) disclosing New World's trade secret, confidential, and proprietary information to Defendant Tyler, and (b) using such information in his employment with Defendant Tyler as he attempts to sell products and services that compete with New World's products and services, particularly since Defendant Jones is selling competitive products and services within the same territory that he worked in as a New World sales representative.

43.    If New World's confidential and proprietary information is used or divulged by Defendant Jones, or if Defendant Tyler is permitted to utilize this information, Defendant Tyler will avoid expending the substantial time, money, and material required to develop the information on its own.

44.    If Defendant Jones violates the Non-Disclosure provision of the Employment Agreement by disclosing New World's trade secret, confidential, and proprietary information to Defendant Tyler and using such information in his employment with Defendant Tyler, New World will suffer irreparable harm because its competitive advantage will be undermined, and damages will be extremely difficult to prove.

45.    Pursuant to § J(1) of the General Terms and Conditions of Employment section of the Employment Agreement, New World has the right to injunctive relief and specific enforcement of the Non-Disclosure provision.

46.    In addition to any other damages to which New World is entitled, pursuant to § J(2) of the General Terms and Conditions of Employment section of the Employment Agreement, Defendant Jones is deemed to have purchased the

goodwill of New World, as set forth in § J(2), through his breach of the Non-Disclosure provision.

47.     Pursuant to § J(3) of the Employment Agreement, New World is entitled to recover its actual costs and attorney fees from Defendant Jones.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS [DEFENDANT TYLER]

48.     New World incorporates by reference ¶¶ 1–47 of this Verified Complaint.

49.     The actions and inactions listed above on the part of Defendant Tyler constitute intentional interference with the contractual relations between New World and Defendant Jones.

50.     As a direct and proximate result of this wrongful interference, New World has suffered or will suffer damages that were reasonably foreseeable by Defendant Tyler, including lost profits.

### COUNT IV– UNIFORM TRADE SECRETS ACT [DEFENDANT JONES AND DEFENDANT TYLER]

51.     New World incorporates by reference ¶¶ 1–50 of this Verified Complaint.

52.     New World's confidential and proprietary information, including but not limited to the information stored on the laptop computer that New World provided to Defendant Jones, constitutes "trade secrets" as defined in M.C.L. 445.1902.

53.     Defendants' actions, as set forth in this Verified Complaint, constitute misappropriation of New World's trade secrets.

9

54.     Pursuant to M.C.L. 445.1903, actual or threatened misappropriation of trade secrets may be enjoined.

55.     Pursuant to M.C.L. 445.1904, New World is entitled to recover damages for Defendants' misappropriation of its trade secrets.

## COUNT V – UNFAIR COMPETITION
### [DEFENDANT JONES AND DEFENDANT TYLER]

56.     New World incorporates by reference ¶¶ 1–55 of this Verified Complaint.

57.     The conduct and acts set forth in the preceding paragraphs demonstrate a continuing pattern of activities and a course of conduct by Defendants to unfairly gain a competitive edge over New World, to infringe New World's proprietary rights, and to engage in unfair competition with New World.

58.     As a direct and proximate result of Defendants' conduct, New World has suffered or will suffer damages that were reasonably foreseeable by Defendants, including lost profits.

59.     If not restrained, Defendants' actions will cause irreparable harm to New World.

## COUNT VI – INJUNCTIVE RELIEF
### [DEFENDANT JONES AND DEFENDANT TYLER]

60.     New World incorporates by reference ¶¶ 1–59 of this Verified Complaint.

61.     New World will suffer immediate and irreparable harm if Defendants engage in unauthorized use of New World's trade secrets and confidential and proprietary information.

62.     Unless Defendants are enjoined from disclosing and/or utilizing New World's trade secrets and confidential and proprietary information, New World will be irreparably harmed by (a) the disclosure of trade secrets and other confidential information that is solely the property of New World, and (b) loss of client confidence, goodwill, and business reputation.

63.     New World has no adequate remedy at law, as the injury suffered by Plaintiff as a result of Defendants' actions will be difficult, if not impossible, to determine monetarily.

64.     New World is likely to prevail on the merits of this action as demonstrated by the facts set forth in this Verified Complaint.

65.     Pursuant to *Thermatool Corp. v. Borzym*, 227 Mich. App. 366, 374-375; 575 N.W.2d 334 (1998), New World is entitled to the extension of the Non-Competition provision of the Employment Agreement for a period equal to the period that Defendant Jones has competed with New World in breach of the provision.

### RELIEF REQUESTED

Plaintiffs request that this Court:

A.     Issue an order requiring Defendant Jones to show cause why a preliminary injunction should not issue restraining and enjoining him from competing with New World in violation of the Non-Competition provision of the Employment Agreement;

B.     issue an order requiring Defendants to show cause why a preliminary injunction should not issue restraining and enjoining Defendants and their employees, agents, attorneys, and other representatives, and all persons in active concert or participation with any of the foregoing, from disclosing and/or utilizing New World's trade secrets and proprietary and confidential materials and/or information;

11

C. Enter a preliminary injunction, and after trial, a permanent injunction, enjoining Defendant Jones from violating the Non-Competition provision of the Employment Agreement;

D. Enter a preliminary injunction, and after trial, a permanent injunction, enjoining Defendants from disclosing and/or utilizing New World's trade secrets and proprietary and confidential materials and/or information;

E. Order the extension of the Non-Competition provision of the Employment Agreement for a period equal to the period that Defendant Jones has competed with New World in breach of the provision;

F. Award New World damages in an amount to be determined by this Court;

G. Order Defendant Jones to reimburse New World its actual attorney fees and costs incurred in bringing this Verified Complaint pursuant to § J(3) of the General Terms and Conditions of Employment section of the Employment Agreement; and

H. Grant New World any other relief that the Court determines is appropriate under the circumstances.

Respectfully submitted,

SAFFORD & BAKER, PLLC

Dated:  March 22, 2006

By: _____
Ralph R. Safford (P24633)
Mary Ann Hart (P48994)
Attorneys for New World
40900 Woodward Avenue, Suite 275
Bloomfield Hills, Michigan 48304
(248) 646-9100

Claudia V. Babiarz (P36230)
Co-Counsel for New World
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

## **VERIFICATION**

David Materne verifies that the allegations and information set forth in this *Verified Complaint and Request for Injunctive Relief* are true and accurate to the best of his knowledge and belief.

_V.P._

David Materne
Vice President of Finance & Administration
New World Systems Corporation

Subscribed and sworn to before me this 22nd day of March, 2006.

BOB KAUFMAN
NOTARY PUBLIC STATE OF MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXP. JULY 1 2006

14

# EXHIBIT 1



**NEW WORLD SYSTEMS®**

888 West Big Beaver Road  Suite 1100  Troy, MI 48084 (248) 269-1000

## EMPLOYMENT AGREEMENT
### between
### NEW WORLD SYSTEMS CORPORATION
### and
### CHAUNCEY JONES

*Chauncey, welcome to New World Systems Corporation!*

Your employment agreement with New World contains three  sections entitled:

- Initial Compensation Plan

- Non-Competition and Non-Disclosure Section

- General Terms and Conditions

*Your first assignment as a New World employee will be as a __Logos New Account Regional Territory__ __Manager__ with an expected start date of __Monday, September 21, 1998__.  We are happy to have you as a part of the New World team and are pleased you have accepted our offer of employment under the terms and conditions set forth in this agreement.  We look forward to you joining our staff.*

## AGREED TO BY:

I acknowledge that I have read this Agreement, that I have had an opportunity to ask questions about it and to discuss it with my own advisor, and that I accept employment with New World under the terms and conditions set forth in this Agreement.   I understand that New World is relying on my representation that my  acceptance of employment with New World under the terms and conditions set forth in this Agreement does not violate any other agreement I have or have had with another person, employer or entity.

Employee:
Signature: _____
CHAUNCEY JONES

Witness:
Signature: _____

Date: __9/21/98__

Date: __9/21/98__

**ACCEPTED BY:**
NEW WORLD SYSTEMS CORPORATION

By: _____
Larry D. Leinweber, President

## CONFIDENTIAL

Last Revised 8-7-97

Initials _____

## NON-COMPETITION AND NON-DISCLOSURE SECTION

This section on Non-Competition and Non-Disclosure remains in effect after termination. Without limiting any other legal or equitable remedies New World may have, **Chauncey Jones** (Employee) agrees that the provisions in this section concerning non-disclosure and non-competition may be enforced by injunction without any requirement that New World post a bond or provide any other security as a condition of obtaining an injunction.

### A. NON-COMPETITION

During the term of this Agreement and for a period of two (2) years from the date of termination of employment, the Employee will not directly or indirectly compete with New World in any state within the United States in which New World Systems has an existing Customer determined as of the date of termination (the "Non-Competition Period").

In the event the Employee has been employed at any management level for a period of at least six (6) months at the time of termination and has been employed by New World in any capacity for a period of at least four (4) years or more at the time of termination, then the Non-Competition Period shall be four (4) years from the date of termination.

If the Employee has been employed by New World in any capacity for a period of six (6) years or longer at the time of termination, then the Non-Competition Period shall be four (4) years from the date of termination.

The employee understands the increase in the non-compete period from two (2) years to four (4) years applies to him/her without any further notification provided the Employee's status at New World falls within either one of the two four-year provisions set forth in this paragraph above.

The Employee will have violated this paragraph A if any of the following occur during the applicable Non-Competition Period:

### 1. RESTRICTED BUSINESS

The Employee enters into or attempts to enter into a "Restricted Business" (as defined below) or otherwise competes with New World. Under this provision, the Employee shall not engage in a "Restricted Business" other than as an employee of New World, nor shall the Employee directly or indirectly service, advise, or work for an individual, firm, or corporation engaged in a "Restricted Business"; or

(The term "Restricted Business" as used herein refers to any business involved in the development, sale and/or support of application software programs or systems for use by public sector organizations. "Public Sector Organizations" include cities, counties, municipalities, towns, townships, or other local, state or federal governmental bodies, boards or agencies, police departments, fire departments, jail management organizations, court management organizations, public or private, state, local or regional schools and school districts, utilities (both public and private), units within such organizations and similar public and quasi-public organizations and agencies, federal, state or local.)

### 2. INDUCE TERMINATION

The Employee directly or indirectly induces or attempts to induce any current New World employee to terminate his/her employment with New World and enters into any business relationship with the Employee, with any business organization in which the Employee is a participant in any capacity whatsoever, or with any other competitor of New World; or

## CONFIDENTIAL

Initials _____

## 3. RECRUITING

The Employee directly or indirectly provides names of current or former New World employees for the purpose of recruiting such current or former New World employee for employment elsewhere; provided however that this restriction on former employees expires once the former employee has not worked for New World for a period of six (6) consecutive months; or

## 4. CUSTOMER COMPETITION

The Employee directly or indirectly becomes an employee of, or performs any work or service for, an organization (or an employee of an organization) who was a Customer of New World during the term of this Agreement; provided, however, that the Employee may become an employee of, or perform work or service for, a former Customer of New World which terminated its business relationship with New World at least twelve (12) consecutive months before the Employee begins the work or service; or

## 5. PROSPECTIVE CUSTOMER

The Employee directly or indirectly becomes an employee of, or performs any work or service for, a Prospective Customer of New World. The term "Prospective Customer" as used herein refers to as a person or organization which has received a written proposal from New World or has appeared on a New World internal prospect or forecast list in the twelve (12) month period immediately preceding the date of termination of Employee's employment with New World.

## B. NON-DISCLOSURE

Except as specifically required as an Employee, both during and after the term of this Agreement, Employee shall not directly or indirectly use, disclose or distribute information or property held confidential by New World including, without limitation, contracts, proprietary information, trade secrets, Customer lists, prospect lists, employee lists, business practices, methods, inventions, discoveries, mailing lists, pricing information, sales records, price lists, contracts, forecasts, computer programs, formulas, technical information, and/or other tangible or intangible property relating to New World's business. This restriction on non-disclosure or use, includes, without limitation, the distribution, disclosure or use of any information, knowledge and/or data the Employee receives or develops during his/her term of employment, which information, knowledge, and/or data are considered proprietary or confidential by New World or which relate to the trade secrets of New World.

**CONFIDENTIAL**

Initials

## GENERAL TERMS AND CONDITIONS OF EMPLOYMENT

### A. NEW WORLD'S MANAGEMENT RIGHTS

COMPANY POLICIES, PROCEDURES AND WORKING CONDITIONS, INCLUDING BUT NOT LIMITED TO, COMPENSATION PLANS AND ASSIGNED DUTIES, MAY BE CHANGED FROM TIME TO TIME AT MANAGEMENT'S DISCRETION. New World reserves the right to change any employee's title, compensation, assigned duties, position and/or job responsibilities at any time. At the time compensation plans and/or company policies, procedures or other working conditions are modified by management, the modified version becomes a term and/or condition of employment accepted by the Employee as evidenced by Employee's continued employment.

### B. COMPENSATION PACKAGE

Employee's compensation package is specified in the Employee's then-current Compensation Plan. The Employee's "base" compensation includes either a fixed salary and/or draw (excluding other incentives, bonuses, commissions and/or benefits, if any) which covers all hours worked during any given week. The hours worked by the Employee during any given week will likely fluctuate from week to week.

Incentives, bonuses and other company benefits

(a) are not guaranteed and may not be offered at all or may be withdrawn or modified at any time and in any manner at the sole discretion of management,

(b) are not included in base compensation, and

(c) are paid only in the amounts and at the times determined by management in its sole discretion.

The fixed salary and/or draw is paid to compensate the Employee for all hours worked during any given work week covered within the pay period. The Employee's total annual compensation shall include the Employee's base compensation plus any paid incentives, bonuses and/or commissions, if any.

Discretionary bonus(es) and incentive(s), if any, are not guaranteed and shall only be paid to employees in the amounts and at times as determined in the sole discretion of the New World corporate officers. An employee will not be eligible for a discretionary bonus or incentive unless the employee has continued to be employed through the date the discretionary bonus or incentive is paid.

The Employee may also receive certain fringe benefits from New World during the course of employment. Fringe benefits are not guaranteed and may be modified at management's discretion.

### C. COMPENSATION PROVISION APPLICABLE TO SALES/MARKETING DEPARTMENT EMPLOYEES

In the event the Employee's compensation package includes a payment of commissions of any type, the Employee understands and agrees that commissions (as outlined in the Employee's Compensation Plan) are earned only if and when a contract is executed by both the Customer and New World, and that commissions are payable to the Employee only if and when the Customer makes payment on that signed contract to New World.

Upon termination of employment, only commissions which have been earned as of the date of termination (i.e., on a contract executed by New World and the Customer prior to the date of termination) shall be payable to the Employee, and only upon receipt of payment from the Customer. Adjustments, refunds, cancellations, credits or write offs after the execution of a contract may be made in the sole discretion of New World's senior management. Any write-offs or adjustments that arise during employment or after termination will correspondingly be written off or deducted from Employee's commission payments owed as reflected on the Employee's commission statement.

### D. FULL WORK EFFORT/ADHERENCE TO POLICIES

While employed by New World, the Employee agrees to devote his/her entire working time, attention, and energies to the performance of his/her duties with New World. The Employee will not engage in any business activity other than as a New World employee, whether or not pursued for gain. The Employee agrees to competently perform his/her duties to the best of his/her ability and to strictly adhere to all company policies, procedures, rules and regulations adopted by New World.

## CONFIDENTIAL

Initials

E. WORK EXPECTATIONS

To enhance employee development and job productivity, the Employee agrees to maintain an average work week of 45 hours or more. This time is to be reported weekly on company time records and will include the following:

- the time spent at New World offices excluding lunch periods;
- the time spent at Customer locations excluding lunch periods; and/or
- the time spent traveling to and from Customer locations minus normal commuting time.

The Employee is responsible for accurately and timely recording all time worked for the benefit of New World.

F. TERMINABLE AT WILL EMPLOYMENT

Either party is free to terminate this employment relationship at any time and for any reason or even no reason at all with one (1) week written notice. This means that employment with New World Systems is "terminable at will" by either party. No one is authorized to make any promise of continued employment, and the Employee is not to assume, from any statements, actions or course of conduct, that his/her employment has for any reason been changed from its "at will" status.

This "at will" provision applies to every Employee even if that Employee is employed under a training program offered by New World.

G. ASSIGNMENT OF WORKS

The Employee shall fully and promptly disclose and assign to New World for its sole benefit to be used in any manner that it sees fit, and without any additional compensation, all ideas, discoveries, inventions, and improvements, whether patentable or not, and all writings (including any copyrights) which are made, conceived or reduced to practice by the Employee, alone or with others, whether complete or not during the term of employment, which are related to the business of New World or which result from tasks assigned to the Employee by New World. The Employee agrees to assist New World and/or its agents (without charge, but at no expense to the Employee), at any time and in every proper way to obtain and maintain for New World's own benefit, patents, trademarks, trade names, and/or copyrights for all such ideas, discoveries, inventions, and improvements anywhere in the world.

H. TRAVEL REQUIREMENTS

New World markets its software and services through out the United States. Therefore, depending on the Employee's job assignment and the needs of the company and its Customers, the Employee understands and agrees that travel may be an integral part of his/her job duties. Travel may include overnight trips. The Employee may be required to spend up to 80% or more of his/her total days worked away from New World's offices. Employee's actual and documented expenses incurred while travelling on business for New World may be reimbursed in accordance with New World's expense and time reporting policies. Any expenses incurred by Employee for which Employee seeks reimbursement must be timely and accurately reported to New World accompanied by proper receipts.

I. NEW WORLD PROPERTY

Upon termination, the Employee agrees to promptly deliver to New World all New World property, keys, pass or security cards, credit cards, programs, tapes, diskettes, other computer media, Customer lists, prospect lists, sales records , price lists, contracts, forecasts, employee lists, and/or compilations or abstracts of the foregoing lists, manuals, letters, notes, reports and all other material including any copies or duplicates thereof relating to New World's business in the Employee's possession and/or under Employee's control. The above list of properties and materials includes any other items specifically referenced in Paragraph B of the Non-Competition and Non-Disclosure Section of this Agreement or any other confidential material identified by New World during the term of employment as "Confidential".

**CONFIDENTIAL**

Initials

J. REMEDIES

    1. The Employee recognizes and agrees that a violation of any term, provision or condition of the Non-Competition and Non-Disclosure Section, may cause irreparable harm to New World, the monetary value of which is difficult to ascertain, and that the award of any amount of monetary damages may not be adequate relief to New World. The Employee, therefore, agrees that, in addition to all other remedies available in the event of breach of the Non-Competition and Non-Disclosure Section, New World has the right to injunctive relief and specific enforcement of its provisions.

    2. Without limiting or waiving any of New World's legal or equitable rights or remedies, including but not limited to the remedies set forth in the preceding paragraph, in the event that the Employee violates any provision of the Non-Competition and Non-Disclosure Section by providing services to any Customer or Prospective Customer of the New World, the Employee shall be deemed to have purchased the goodwill of New World associated with such Customer or Prospective Customer in addition to any other damages suffered by New World. The purchase price for such goodwill shall be the greater of:

| | |
|---|---|
| (i) | two times the amounts paid by any such Customer to New World in the two (2) years immediately preceding the termination of the Employee's relationship with New World, |
| (ii) | two times the amount billed by the Employee (or any person or organization with which the Employee is associated) to the Customer or prospective Customer for products provided or services rendered in the twenty-four (24) months following the termination of the Employee's relationship with New World; or |
| (iii) | $30,000. |

    3. The Employee agrees to reimburse New World for its actual costs and expenses, including attorney's fees, incurred in the enforcement of this Agreement, including, without limitation, the section on Non-Competition and Non-Disclosure.

K. NOTICES

Any notice, demand, offer or other written communication required or permitted under this Agreement shall be in writing and shall be personally delivered or sent by first class mail with full postage, addressed as follows (or to such address so identified in writing):

                **To New World:**
                New World Systems Corporation
                888 West Big Beaver Road, Suite 1100
                Troy, MI 48084
                Attention: President

                **To the Employee:**
                Chauncey Jones
                4416 Dolphin Drive
                Tampa, FL 33617

L. NON-WAIVER

The waiver by New World of the breach of any provision of this Agreement by the Employee shall not operate or be construed as a waiver of any subsequent breach by the Employee.

M. DISPUTE RESOLUTION, ARBITRATION

Except for disputes, differences, claims and/or disagreements arising out of or in connection with an alleged violation and/or alleged breach by the Employee of the Non-Competition and Non-Disclosure Section, any Claim shall be raised before a panel of three (3) arbitrators in accordance with the rules of the American Arbitration Association (AAA). A Claim as used herein is any dispute, difference, claim and/or disagreement including any and all liabilities, claims, obligations, demands, suits, actions or causes of action arising out of or related to the Employee's hire, employment and termination of employment at New World, including but not limited to, any breach of contract claims, common law tort claims, claims of defamation,

**CONFIDENTIAL**

Initials _____

claims of discrimination, claims for benefits, as well as any claims the Employee may have in connection with any and all local, state or federal constitutions, ordinances, statutes, regulations or common law including any claims arising under the federal Age Discrimination in Employment Act ("ADEA"). The only exception to this arbitration requirement shall be claims for breach of the Non-Competition or Non-Disclosure Section of this Agreement.

Notwithstanding the foregoing, in the event the amount in controversy is less than $10,000, a single arbitrator, rather than a panel of three (3) arbitrators, shall be used. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction in the state of Michigan, Oakland County. Any arbitration proceeding shall be held at the Regional office for AAA, Southeast Michigan within the state of Michigan. Except at the sole discretion of New World, matters raised in the proceeding and the decision rendered by the arbitrator(s), if any, shall be held confidential by the parties and not disclosed to any non-party except to the extent disclosure is specifically ordered by a court of competent jurisdiction, and only then to the minimum extent required by the order.

In the event that the Employee believes he or she has been subjected to any treatment which forms a basis for any claim arising out of his/her employment, the Employee must submit his/her Claim in writing to New World, attention Human Resources Manager, within sixty (60) days of the occurrence of the event. New World will respond to any Claim submitted in writing in accordance with this paragraph within sixty (60) days, of receipt of the written submission.

Employee agrees to and hereby submits to the personal jurisdiction of any court within the State of Michigan.

N. SEVERABILITY

If any provision of this Agreement is determined to be invalid or otherwise unenforceable, the remaining provisions of this Agreement and the remaining portion of the invalid provision shall not be affected by that determination.

O. MODIFICATIONS/INTEGRATION

Except as specifically provided herein, this Agreement can only be modified in writing signed by both parties.
This Agreement contains the complete understanding of the parties, and supersedes all previous agreements, negotiations, commitments and writings, oral or written.

P. GOVERNING LAW AND JURISDICTION

This Agreement is governed by the laws of the State of Michigan and both parties hereby agree that each is subject to the jurisdiction of the State of Michigan, County of Oakland.

**CONFIDENTIAL**

Initials

# EXHIBIT 2



888 West Big Beaver Road
Suite 1100
Troy, MI 48084
(248) 269-1000
(248) 269-1030 facsimile

# CORPORATE ASSET ASSIGNMENT

Used for the assignment and management of New World corporate assets.

**Employee Name:** Chauncey Jones

| ASSET DESCRIPTION: | | Tag # | Serial Number | Location(s) - Use Office  Mobile  Home | Expected Return Date |
|---|---|---|---|---|---|
| IBM | THINKPAD 560X | 2640-70U | 1132 | 78-AWZ60 | ALL | TBD |
| XIRCOM | PCMCIA ETHER/MODEM | CEM33 | 1123 | 5089484 | ALL | TBD |
| OSITECH | DPI MODEM | 400038-001 | 815 | 96Q5032511C8 | ALL | TBD |
| IBM | 3 1/2" DISKETTE DRIVE | 10H3980 | 1133 | J13X0034319 | ALL | TBD |

**STATEMENT OF RESPONSIBILITY: I have received the items listed above and understand that:**

1. The above items, the data and programs contained on or included with them, and any files or data created with them are the exclusive property of New World Systems.
2. The above items are assigned for business use only. Unauthorized use and/or use by unauthorized individuals is prohibited.
3. No software package may be installed, copied, or used in any way that is inconsistent with the software's licensing agreement.
4. The above assets should be used in accordance with all other pertinent New World Systems policies.
5. The undersigned agrees to exercise reasonable care when using, transporting, or storing any of the above items.
6. The undersigned accepts responsibility for any misuse, loss of, or damage to the above items beyond what would be considered reasonable use and depreciation.
7. In the event any of the above assets is lost, stolen, or damaged, the undersigned agrees to notify New World management within 24 hours.
8. The undersigned agrees to return the above items, in working order, on or before the stated Return Date or within 24 hours of the termination of his/her employment with New World Systems.

**SIGNATURES & APPROVAL:**

By signing this agreement, the undersigned acknowledges acceptance of all the assets listed above and agrees to the above Statement of Responsibility governing their use.

Employee Name: Chauncey Jones

Employee Signature: _____ Date: 10/13/98

**Return Details**

Date: _____

Received by: _____

Signature: _____

# EXHIBIT 3






Logos®
PUBLIC ADMINISTRATION
SOFTWARE

## 2006

# LOGOS® PUBLIC ADMINISTRATION

## PRICE LIST

## CONFIDENTIAL

This document is considered highly confidential to New World Systems. Any duplication, of all or any portion of this document, requires prior written approval from the President of New World Systems.

All proposals, agreements or budget information that includes pricing must be approved by New World Systems' Sales Management prior to being sent to a Customer or Prospect.

Pricing for Tier 6, 7, 8 and 9 must be approved by Logos Vice President prior to submitting to Prospect and/or Customer.

# EXHIBIT 4





## New World Systems
*The Public Sector Software Company*

March 8, 2006

**VIA CERTIFIED AND REGULAR U.S. MAIL**

Tyler Technologies, Inc.
5949 Sherry Lane
Suite 1400
Dallas, TX 75225
**ATTENTION:** John S. Marr, Jr., President and CEO      **(CONFIDENTIAL)**

Dear Mr. Marr:

We have recently learned that Chauncey Jones, a former New World Systems employee, is or soon may be employed by your firm. Mr. Jones and New World executed an employment agreement which contains non-disclosure and non-competition provisions which remain in full force and effect. It has been our company policy to use and enforce non-compete agreements, as well as to honor those agreements used by our competitors. We believe there is no question that you are a direct competitor of New World and Mr. Jones' employment by you, a direct violation of our agreement with him.

This letter is intended to provide Tyler Technologies notice that New World would consider employment of Mr. Jones by your company as interference in the business agreement that New World has with him. We would ask you to please consider your actions carefully in this regard. If you have any questions, please contact me.

By copying this letter to Mr. Jones, we are hereby notifying him of our position on this matter as well.

Thank you very much.

Sincerely,

David Materne
Vice President - Finance & Administration


CC:   Claudia V. Babiarz, Corporate Counsel, New World Systems Corp.
      Chauncey Jones (by Certified and Regular U.S. Mail)
      H. Lynn Moore, Jr., Vice President, General Counsel and Secretary, Tyler Technologies

NewCestnce Chauncey Jones.doc

# EXHIBIT 5



*New World Systems*
*The Public Sector Software Company*

March 16, 2006

VIA E-Mail and Fax

H. Lynn Moore, Jr.
Vice President, General Counsel and Secretary
Tyler Technologies, Inc.
5949 Sherry Lane
Suite 1400
Dallas, TX 75225

      Re: Chauncey Jones

Dear Mr. Moore:

      I am general counsel to New World Systems Corporation. I am writing to alert you to a serious situation which has recently developed concerning a former sales representative of New World, Chauncey Jones.

      We understand that Mr. Jones was recently hired by Tyler Technologies, Inc., or one of its affiliates, in a similar capacity. Our Vice President-Finance, David Materne, wrote to John Marr last week, but has not yet received any reply. A copy of that letter is enclosed.

      Mr. Jones attended a pre-proposal conference in Palm Beach, Florida last week, representing Tyler. During Mr. Jones' employment with New World, he solicited sales from Palm Beach and other prospective clients in his sales territory. Mr. Jones continues to be bound by the non-compete and non-disclosure provisions contained in his employment agreement with New World. By calling on Palm Beach or other prospects in his former sales territory, he is in breach of that agreement. A copy of the non-compete and non-disclosure sections of his employment agreement, which was signed in 1998, is also enclosed.

      Even more critically, Mr. Jones has failed, despite repeated requests, to return to New World his company laptop computer and any of New World's confidential and proprietary information in his possession, including the data and information contained in the company laptop. If he has not yet breached the non-disclosure provisions, New World is legitimately very concerned that Mr. Jones will inevitably use and disclose confidential New World information in his new role as a Tyler sales representative, as he solicits the same customers and prospects he serviced while in New World's employ for the purpose of selling Tyler's competing products.

Page 2
H. Lynn Moore, Jr.

I would appreciate it if you could give this serious matter your immediate attention. I plan to call you tomorrow to attempt to work out a resolution acceptable to New World. If you are unavailable tomorrow, please contact me no later than Tuesday March 21, 2006 at (248)269-1000. If I am not in the office, please ask for my assistant, Ruth Ann Hines, to leave a message.

Sincerely,

Claudia V. Babiarz
Corporate Counsel

Cc:    David Materne, Vice President
       Robert Lewis, Vice President
       Ruth Ann Hines, Executive Assistant



RECEIVED FOR FILING
RECE **STATE OF MICHIGAN**
**OAKLAND COUNTY CIRCUIT COURT**

NEW WORLD SYSTEMS CORPORATION,

               Plaintiff, COUNTY CLERK

v.

CHAUNCEY JONES and TYLER
TECHNOLOGIES, INC.,

              Defendants.

Case No.
Hon.



06-073360-CK

JUDGE RAE LEE CHABOT
NEW WORLD SYS V JONES, CHAUNC

---

SAFFORD & BAKER, PLLC
Ralph R. Safford (P24633)
Mary Ann Hart (P48994)
Attorneys for Plaintiff
40900 Woodward Avenue, Suite 275
Bloomfield Hills, Michigan 48304
(248) 646-9100

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

---

### EX PARTE ORDER TO SHOW CAUSE

New World Systems Corporation ("New World"), by and through its attorneys,
Safford & Baker, PLLC, and Claudia V. Babiarz, filed a *Verified Complaint and
Request for Injunctive Relief* against Defendants Chauncey Jones and Tyler
Technologies, Inc.

IT IS THEREFORE ORDERED that Defendants shall appear before this
Court and show cause on **Wednesday, April 5, 2006, at 8:30 a.m.**, or as soon
thereafter as counsel may be heard, as to why the Court should not issue a
preliminary injunction (1) restraining and enjoining Defendant Jones from competing
with New World in violation of the Non-Competition provision of the Employment

Agreement; (2) restraining and enjoining Defendants and their employees, agents, attorneys, and other representatives, and all persons in active concert or participation with any of the foregoing, from disclosing and/or utilizing New World's trade secrets and proprietary and confidential materials and/or information.

Copies of the *Verified Complaint and Request for Injunctive Relief* and this *Ex Parte Order to Show Cause* shall be personally served on Defendants on or before March 29, 2006.

RAE LEE CHABOT

Dated: **MAR 2 2 2006**

_____
Circuit Court Judge

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET
County in which this action arose  Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NEW WORLD SYSTEMS CORPORATION

Original

### DEFENDANTS
CHAUNCEY JONES AND TYLER TECHNOLOGIES, INC.

**(b)** County of Residence of First Listed Plaintiff  Oakland County, MI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Hillsborough County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ralph R. Safford (P24633), Safford & Baker, 40900 Woodward Avenue, Suite 275
Bloomfield Hills, MI 48304  (248) 646-9100

Attorneys (If Known)
Daniel J. Bernard (P34225), Vercruysse Murray & Calzone PC
31780 Telegraph Road, Suite 200, Bingham Farms, MI 48025  (248) 540-8019

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | | | | | |

Case: 2:06-cv-11603
Assigned To: Hood, Denise Page
Referral Judge: Morgan, Virginia M
Filed: 04-04-2006 At 11:55 AM
REM NEW WORLD SYS CORP V CHAUNCEY J
ONES, ET AL (LG)

## IV. NATURE OF SUIT (Select One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Complaint for damages and injunctive relief arising out of alleged breach of employment agreement.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**  $75,000+
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  April 4, 2006

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*  P34225

### FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____