**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW WORLD SYSTEMS CORPORATION,

Plaintiff,

Honorable Denise Page Hood

vs.

Case No. 06-11603

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

Defendants.

_______________________________/

**DEFENDANT'S MOTION TO CHANGE VENUE OR, ALTERNATIVELY, TO DISMISS THIS ACTION AGAINST DEFENDANT CHAUNCEY JONES**

Defendants ask the Court to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(a) and 28 U.S.C. § 1406(a) or, alternatively, to dismiss this action against Defendant Chauncey Jones for lack of personal jurisdiction, for the reasons set forth in the attached Brief.

The concurrence of Plaintiff's counsel regarding this Motion was sought, but was not obtained, on April 20, 2006, making it necessary to bring this Motion before the Court.

Respectfully submitted,

**VERCRUYSSE MURRAY & CALZONE, P.C.**

By: s/William E. Altman
**Daniel J. Bernard (P34225)**
**William E. Altman (P52788)**
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
waltman@vmclaw.com
(248) 540-8019
**Attorneys for Defendants**

Dated: April 21, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW WORLD SYSTEMS CORPORATION,

Plaintiff,

Honorable Denise Page Hood

vs.

Case No. 06-11603

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

Defendants.
__________________________________/

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO CHANGE VENUE OR,**
**ALTERNATIVELY, TO DISMISS THIS ACTION AGAINST**
**DEFENDANT CHAUNCEY JONES**

**VERCRUYSSE MURRAY & CALZONE, P.C.**
**Daniel J. Bernard (P34225)**
**William E. Altman (P52788)**
**31780 Telegraph Road, Suite 200**
**Bingham Farms, Michigan 48025**
**(248) 540-8019**
**Attorneys for Defendants**

## TABLE OF CONTENTS


| | Page |
|---|---|
| INDEX OF AUTHORITIES | ii |
| STATEMENT OF ISSUES PRESENTED | iii |
| CONTROLLING AUTHORITY | iv |
| BACKGROUND | 1 |
| **Argument** | 3 |
| **I. This Case Should Be Transferred To The Middle District Of Florida Because It Is The Most Convenient Forum** | 3 |
| A. *Convenience of the Parties* | 5 |
| B. *Convenience of the Witnesses* | 6 |
| C. *Ease of Access to Sources of Proof* | 7 |
| D. *Availability of Process to Compel Attendance of Witnesses* | 8 |
| E. *Cost of Obtaining Witnesses* | 9 |
| F. *Expense and Expeditiousness of Trying the Matter* | 9 |
| G. *Interests of Justice* | 10 |
| **II. The Court Lacks Personal Jurisdiction Over Jones** | 11 |
| **Conclusion** | 12 |

## INDEX OF AUTHORITIES

**Page**

**Cases**

*Bernard v. Schech*
2001 WL 560983 (E.D. Mich 2001) (unpublished) .......................... 3, 7

*Danuloff v. The Color Center*
1993 WL 738578 (E.D. Mich. 1993) (unpublished) .......................... 4

*Helder v. Hitachi Power Tools, USA LTD*
764 F. Supp. 93, (E.D. Mich. 1991) .................................................. 3

*Int'l Show Car Ass'n v. Am. Soc. of Composers, Authors & Publishers*
806 F. Supp. 1308 (E.D. Mich. 1992) ........................................... 4

*Kepler v ITT Sheraton Corp.*
860 F. Supp. 393 (E.D. Mich. 1994) ........................................... 5

*McNic Oil & Gas Co. v. Ibex Resources Co., LLC.*
23 F. Supp. 2d 729 (E.D. Mich. 1998) ........................................... 3, 7

*Phelps v. McClellan*
30 F.3d 658 (6th Cir. 1994) ........................................................... 3

*Piper Aircraft Co v. Reyno*
545 U.S. 235, 102 S.Ct. 252 (1989) ................................................ 4

*Verve, LLC v. Becton Dickinson & Co.*
2002 WL 551031 (E.D. Mich. 2002) (unpublished) .......................... 5

**Statutes, Court Rules, and Treatises**

28 U.S.C. § 1404(a), 1406(a) ........................................................ 3
Fed. R. Civ. P. 45(b)(2) ............................................................... 8
MCL 600.745(2) ........................................................................... 11
15 Wright & Miller, Federal Practice and Procedure, § 3851 (2d ed. 1986).... 7

## STATEMENT OF ISSUES PRESENTED

I. Should the Court transfer this action to the U.S. District Court for the Middle District of Florida where a transfer is favored by (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to sources of proof; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) expense and expeditiousness of trying the matter; and (7) interests of justice?

Defendants answer, "Yes."
Plaintiff answers, "No."

II. Should the Court dismiss this action against Defendant Jones for lack of personal jurisdiction where (1) Jones does not live or work in Michigan, (2) Jones has never solicited sales in Michigan, (3) Jones does not own property in Michigan, and (4) pursuant to MCL 600.745(2), the Court should not exercise jurisdiction over Jones because Michigan is not a reasonably convenient place for the trial of the action?

Defendants answer, "Yes."
Plaintiff answers, "No."

## CONTROLLING AUTHORITIES

28 U.S.C. § 1404(a)

MCL 600.745(2)

## BACKGROUND

This is an employment case. Defendant Chauncey Jones is a former employee of Plaintiff New World Systems Corporation and a current employee of Defendant Tyler Technologies. New World is a Michigan corporation with its principal place of business in Troy, Michigan. Jones is a citizen and resident of Hillsborough County, Florida. Tyler is a Delaware corporation with its principal place of business in Dallas, Texas.

Jones began his employment with New World in September 1998 as a sales representative. (Ex. 1, ¶ 8) As a sales representative, Jones was assigned to solicit sales of New World products in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. (Ex. 1, ¶ 12) Jones has never solicited sales in Michigan, lived in Michigan, or owned property in Michigan. Jones' only contact with the State of Michigan was his periodic attendance at mandatory sales meetings in Michigan that were required by his employment at New World.

In January 6, 2006, New World discharged Jones for alleged poor performance. After his discharge from New World, Jones sought to return to gainful employment and accepted a position with Tyler. Jones now works for Tyler as a sales representative, soliciting sales for Tyler's financial, payroll/human resources, and revenue and productivity applications in Florida, Alabama and Tennessee.

On March 22, 2006, New World sued Jones and Tyler in the State of Michigan, Oakland County Circuit Court, alleging that Jones violated his employment agreement with New World, including its non-disclosure, non-solicitation and non-competition clauses. (Exhibit 1) New World alleges that "Jones may be calling on many of the same customers and prospective customers for Defendant Tyler that he called on a sales representative for New World." (Ex. 1, ¶ 27) In particular, New World alleges that on "March 10, 2006, a New World employee attended a pre-proposal conference for the City of Palm Beach" and "Defendant Jones was at the Palm Beach conference and introduced himself as a sales representative for Defendant Tyler. After the conference, Defendant Jones told the New World employee that he was selling software for Defendant Tyler, but refused to disclose which Tyler division he was representing." (Ex. 1, ¶¶ 24-25) The Complaint's sole basis for jurisdiction over Jones is New World's false allegation that "the parties agreed in writing that disputes related to their agreement would be brought in Oakland County, Michigan." (Ex. 1, ¶ 6)[1]

On April 4, 2006, Jones and Tyler removed case to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, and 1446. Jones and Tyler now ask the

---

[1] The employment agreement relied upon by New World does not actually contain a forum selection clause at all. Rather, the provision cited in the Complaint provides: "This Agreement is governed by the laws of the State of Michigan and both parties agree that each is subject to the jurisdiction of the State of Michigan, County of Oakland." While this provision attempts to create personal jurisdiction over Jones, it does not limit the forum for dispute resolution.

Court to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(a) and 28 U.S.C. § 1406(a) or alternatively dismiss this action against Jones for lack of personal jurisdiction.

## ARGUMENT

### I. This Case Should Be Transferred To The Middle District Of Florida Because It Is The Most Convenient Forum.

Regardless of whether venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(a), 28 U.S.C. § 1404(a) provides that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Courts interpreting 28 U.S.C. § 1404(a) have held that a court may transfer an action when:

> (1) the transferred action could have been brought in the transferee court, (2) a transfer would serve the interests of justice, and (3) a transfer would serve the convenience of the parties and witnesses.

*McNic Oil & Gas Co. v. Ibex Resources Co., LLC.*, 23 F. Supp. 2d 729, 738 (E.D. Mich. 1998). "[c]ourts have broad discretion to grant or deny a motion for transfer of venue under 1404(a)." *Id.* at 811. *See also, Bernard v. Schech*, 2001 WL 560983, *2 (E.D. Mich 2001) (unpublished) (attached as Ex 2), citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *Helder v. Hitachi Power Tools, USA LTD*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991)

("[d]istrict courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense").

In *Danuloff v. The Color Center*, 1993 WL 738578, *2 (E.D. Mich. 1993) (unpublished) (attached as Ex 3), citing *Piper Aircraft Co v. Reyno*, 545 U.S. 235, 253, 102 S.Ct. 252, 264 (1989), Judge Duggan commented that the Supreme Court has held "that the showing required under 1404(a) [to transfer a case] is less stringent than that in a motion under *forum non conveniens*." The Supreme Court discussed the purpose behind 28 U.S.C. § 1404(a):

> Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of forum non conveniens . . . it was intended to be a revision rather than a codification of the common law. District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens. . . . The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system.

*Int'l Show Car Ass'n v. Am. Soc. of Composers, Authors & Publishers*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992), *citing Piper Aircraft Co.*, 545 U.S. at 253.

In evaluating whether or not transfers are in the interests of justice and serve the convenience of both parties and witnesses, Judge Hood has held that the following factors must be considered:

> (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to sources of proof; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) expense and expeditiousness of trying the matter; and (7) interests of justice.

*Verve, LLC v. Becton Dickinson & Co.*, 2002 WL 551031, *2 (E.D. Mich. 2002) (unpublished) (attached as Ex 4)(Hood, J.), citing *Kepler v ITT Sheraton Corp.*, 860 F. Supp. 393 (E.D. Mich. 1994).

This case qualifies for transfer to the Middle District of Florida under the above criteria. All of the alleged conduct in New World's Complaint, if it occurred at all, occurred in Florida, not Michigan. Jones' sales duties for New World were limited exclusively to Florida and other southeastern states, and his sales duties for Tyler are limited exclusively to Florida and other southeastern states. Jones has not at any time engaged in sales activities in Michigan. Indeed, Jones has not worked in Michigan, lived in Michigan or owned property in Michigan. All of the factors set forth by Judge Hood in *Verve* dictate transfer of this action to the Middle District of Florida.

### *A. Convenience of the Parties*

Jones lives in Florida. Tyler, a Delaware corporation headquartered in Texas, does business in Florida. New World is the only party located in Michigan, and there is no forum selection clause in the employment agreement underlying this lawsuit. All of the conduct of which New World complains, however, allegedly transpired in Florida.

All of the witnesses to the alleged conduct are located in Florida and other southeastern states. Moreover, the only incident specifically alleged in the complaint allegedly occurred in Palm Beach, Florida and was witnessed by New World's Florida employee. Accordingly, all of the discovery in this matter will necessarily take place in Florida and other southeastern states, and Florida is a more convenient forum for all parties, including New World whose only identified witness is located in Florida, not Michigan.

*B. Convenience of the Witnesses*

The Complaint alleges that Jones is violating his employment agreement by "calling on many of the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for New World." (Ex. 1, ¶ 27) As a sales representative for New World, Jones only called upon customers in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. (Ex. 1, ¶ 12) Thus, discovery will necessary turn upon whom, if anyone, Jones solicited in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina, not Michigan.

Moreover, because the conduct at issue allegedly occurred in Florida and other southeastern states, the only witnesses to that conduct are located in those states. Specifically, necessary witnesses will include "the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for New World." Because New World's market consists of local and state governments and

primarily cities and counties, those witnesses are necessarily located in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina, not Michigan. The Middle District of Florida is certainly more convenient than Michigan for witnesses from southeastern states. *See Bernard*, 2001 WL 560983 at *3, citing 15 Wright & Miller, Federal Practice and Procedure, § 3851 at 415 (2d ed. 1986) ("[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under §1404(a) is the convenience of witnesses.") *See also, McNic*, 23 F. Supp. 2d at 739 (same). The convenience of the witnesses therefore dictates that this matter be transferred to the Middle District of Florida.

*C. Ease of Access to Sources of Proof*

Even if every allegation in New World's Complaint were true, which Defendants deny, each allegation would require proof of conduct in Florida and other southeastern states, witnesses located in that area, sales documents generated in that area, and the records of New World customers and prospective customers in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. The Complaint is completely devoid of any operative facts occurring in Michigan. Simply stated, all of the sources of proof are located in Florida and other southeastern states and not one of the sources of proof is located in Michigan. The ease of access to sources of proof therefore dictates that this matter be transferred to the Middle District of Florida.

*D. Availability of Process to Compel Attendance of Witnesses*

As set forth above, the Complaint alleges that Jones is violating his employment agreement by "calling on many of the same customers and prospective customers" in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. (Ex. 1, ¶¶ 12, 27) Trial in this matter will therefore necessarily require compelling the attendance of witnesses from those states. Pursuant to Fed. R. Civ. P. 45(b)(2), in the absence of some statute not at issue here, the subpoena power of the district court is limited to district and 100 miles outside of the district:

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

Accordingly, the Eastern District of Michigan does not have the subpoena power to compel witnesses in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina to attend a trial in Michigan; it does not have subpoena power over any likely non-party witnesses in this case. Conversely, the Middle District of Florida encompasses 35 of the 67 counties in Florida, including 53% of the population of the state of Florida. The Middle District of Florida is far better situated to compel the

attendance of likely witnesses. The availability of process to compel attendance of witnesses therefore dictates that this matter be transferred to the Middle District of Florida.

*E. Cost of Obtaining Witnesses*

As set forth above, all of the likely witnesses in this case and the only witness referenced in the complaint are located in Florida and other southeastern states. Even if the parties were able to persuade those witnesses to travel to Michigan for discovery and trial, the cost of travel to Michigan far exceeds travel within the Middle District of Florida and travel to the Middle District of Florida from other southeastern states. The cost of obtaining witnesses therefore dictates that this matter be transferred to the Middle District of Florida.

*F. Expense and Expeditiousness of Trying the Matter*

The expense and time involved in trying this case in Michigan far exceeds the expense and time involved in trying this case in the Middle District of Florida. If this case is tried in Michigan, it will involve discovery extensions to allow time to travel to and locate witnesses in Florida and other southeastern states. A Michigan trial in this matter will also be costly and time consuming because the parties will have to allow for additional time for witnesses to travel to Michigan from Florida and the other southeastern states in which they live, as well as expend substantial amounts for travel

and accommodations for such witnesses during the trial. Conversely, all of the likely witnesses and proofs in this case are in or closer to the Middle District of Florida. Discovery and trial costs and time will be greatly reduced because the witnesses and other proofs are closer to the forum and more assessable to the forum.

*G. Interests of Justice*

The Complaint alleges that Jones is violating his employment agreement by "calling on many of the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for New World" in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. (Ex. 1, ¶¶ 12, 27) The Complaint does not allege that any operative facts occurred in Michigan. Rather, the sole basis for New World's assertion of venue in the Eastern District of Michigan is its reliance on the employment agreement with Jones that states Jones is subject to jurisdiction in Michigan. That clause, however, is not a forum selection clause and likely does not even confer jurisdiction over Jones.

Every allegation in New World's Complaint involves alleged conduct outside of Michigan, conduct that allegedly occurred in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. Therefore, all of the defendants, all of the witnesses, all of the evidence, and all of the alleged conduct are in Florida and other

southeastern states. The interests of justice therefore dictate that this matter be tried in the Middle District of Florida, not Michigan.

## II. The Court Lacks Personal Jurisdiction Over Jones.

New World alleges that this Court has personal jurisdiction over Jones pursuant to his employment agreement and MCL 600.745(2). The employment agreement excerpt cited in the Complaint provides: "This Agreement is governed by the laws of the State of Michigan and both parties agree that each is subject to the jurisdiction of the State of Michigan, County of Oakland."

MCL 600.745(2) provides:

> If the parties agreed in writing than an action or controversy may be brought in this state and the agreement provides the only basis for exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:
>
> (1) The court has the power under the law of this state to entertain the action.
>
> (2) This state is a reasonably convenient place for the trial of the action.
>
> (3) The agreement as the place of the action is not obtained by misrepresentation, duress, the abuse of economic power or other unconscionable means.
>
> (4) The defendant is served with process as provided in the court rules.

As set forth above, Michigan is not a reasonably convenient place for the trial of this action. All of the defendants, all of the witnesses, all of the evidence, and all of the

alleged conduct are in Florida and other southeastern states. Michigan is not a convenient location for any part of the litigation of this case, much less trial. Therefore, the requirements of MCL 600.745(2) are not satisfied and the employment agreement is insufficient to confer jurisdiction over Jones. The Court should therefore dismiss New World's claims against Jones for lack of personal jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Defendants ask the Court to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(a) and 1406(a) or, alternatively, to dismiss this action against Defendant Chauncey Jones for lack of personal jurisdiction.

Respectfully submitted,

**VERCRUYSSE MURRAY & CALZONE, P.C.**

By: w/William E. Altman
**Daniel J. Bernard (P34225)**
**William E. Altman (P52788)**
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
waltman@vmclaw.com
(248) 540-8019
**Attorneys for Defendants**

Dated: April 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Ralph R. Safford and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

/s/ William E. Altman
William E. Altman
Vercruysse Murray & Calzone, P.C.
31780 Telegraph Road, Ste. 200
Bingham Farms, MI 48025-3469
waltman@vmclaw.com
(248) 540-8019