# Exhibit 4
*Verve, LLC v. Becton Dickinson & Co.*



Not Reported in F.Supp.2d                                                                                                          Page 1

Not Reported in F.Supp.2d, 2002 WL 551031 (E.D.Mich.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.
VERVE, L.L.C. Plaintiff,
v.
BECTON DICKINSON & COMPANY Defendant.
**No. CIV.A.01-CV-74134-DT.**

March 29, 2002.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
HOOD, District J.

### FACTS

*1 Plaintiff's one-count Complaint alleging patent infringement in violation of 35 U.S.C. § 1, *et seq.,* was filed on October 31, 2001. The Complaint alleged that Plaintiff is a Texas limited liability company having its principal place of business in Austin, Texas. The Plaintiff claims that Verve L.L.C. is the owner by assignment of U.S. Patent No. 5,405,332 ("the '332 patent"). The patent is for a "Shield Apparatus For Syringe Needle" which shields the hypodermic syringe needle, protecting health care workers and others from accidentally pricking themselves. Plaintiff alleges that Defendant's BD SafetyGlide Shielding Hypodermic Needle and the BD Vacutainer Eclipse Blood Collection Needle infringe upon the '332 patent. Plaintiff alleges that Defendant sells and offers to sell its infringing products in Michigan.

> FN1. Apparently, Verve filed the Complaint in this matter twice. On the first occasion in June 2001, the Plaintiff hoped to work out a resolution and did not serve Defendant. This attempt was not successful and Plaintiff filed an identical Complaint on October 31, 2001. (*See Plaintiff's Brief in Opposition to Transfer, at 2, note 1* ).

Defendant, Becton Dickinson & Company, is a New Jersey company with its principal place of business in Franklin Lakes, New Jersey. On January 8, 2002, Defendant filed its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404. Defendant argues that this action should be transferred to the United States District Court for the District of New Jersey for a number of reasons. All of Defendant's facilities relative to this action are in New Jersey and it is the location where the products accused of infringement were developed. The employees who developed the products and other witnesses live in New Jersey and will be subject to the personal jurisdiction of the Court there. Defendant claims that there are, in fact, no witnesses residing in Michigan. All the documents related to the products are located in New Jersey and transfer will minimize logistical difficulties and expense.

Defendant points out that Plaintiff is a Texas limited liability company with no significant connection to Michigan at all and Defendant's only contact with Michigan is an office that sells products wholly unrelated to the subject matter of the lawsuit. Defendant argues that Michigan is an equally inconvenient forum for both parties. Since Verve has no substantial ties to Michigan, New Jersey may be as convenient to Verve as Michigan.

In response, the Plaintiff argues that its choice of forum is the primary consideration in considering any venue transfer. The Plaintiff's choice of venue should rarely be disturbed. Verve asserts that Michigan is an appropriate venue because its principal place of business is actually located in Northville, Michigan. All of its documents related to this action are in Michigan. Further, Verve is a small company with few resources and Defendant is a large corporation with vast resources and may easily bear the expense of a trial in Michigan.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 551031 (E.D.Mich.)
**(Cite as: Not Reported in F.Supp.2d)**

Transfer would shift inconvenience from Defendant to Plaintiff.

> FN2. Verve moved its headquarters to Northville, Michigan in July 2001. (*See Plaintiffs Brief in Opposition, at 2, note 1*). After the business relocated, Plaintiff obtained local Counsel who filed the second Complaint on October 31, 2001. Plaintiff alleges that Verve's new Counsel was unaware that Verve moved to Michigan at the time the second Complaint was drafted and simply copied the first Complaint verbatim. (*See Plaintiffs Brief in Opposition, at 2, note 1*). It is noted that no documentation was submitted to support Verve's claim that its headquarters had in fact moved to Michigan.

## ANALYSIS

A civil action may be transferred from one district court to another pursuant to 28 U.S.C. § 1404:
(a) For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*2 The determination of whether a case should be transferred involves balancing of the following factors: (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to sources of proof; (4) availability of process to compel attendance of witnesses; (5) costs of obtaining witnesses; (6) expense and expeditiousness of trying matter; (7) interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393 (E.D.Mich.1994).

### 1. Convenience of the parties

Plaintiff argues that its choice of forum is entitled to substantial deference. *Thomas v. Home Depot, U.S.A.*, 131 F. Supp .2d 934 (E.D.Mich.2001). This is particularly true where the plaintiff resides in his chosen jurisdiction. *Id.* at 937. "A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for a change of venue." *Id.*

In this case, resolution of the issue of convenience to the parties hinges upon where the Plaintiff has its principal place of business. The Court finds that Plaintiff has its principal place of business in Michigan, that the forum is most convenient for Plaintiff and should be given deference. Clearly, since Defendant is located in New Jersey that would be the most convenient forum for Defendant. Plaintiff has proffered nothing more than its excuse that a drafting error was the cause of the confusion regarding its place of business. No record or documentation has been submitted to the Court indicating that Plaintiff is registered to do business in Michigan.

> FN3. The Complaint was filed on October 31, 2001. Plaintiff did nothing to correct the error of Plaintiff's principal place of business contained in the Complaint until it filed a Reply to Counterclaim on January 15, 2002. Plaintiff was at liberty to amend the Complaint "once as a matter of course at any time before a responsive pleading is served". Fed. R. Civ. Proc. 15(a). Defendant filed an Answer on January 2, 2002, and Plaintiff still had the ability to amend the Complaint "by leave of court or by written consent of the adverse party." *Id.*
> In addition, Plaintiff filed its Complaint in Michigan alleging Texas citizenship without noting that Verve intended to move to Michigan the following month.

### 2. Convenience of the Witnesses

The party seeking to transfer the case should specify the key witnesses to be called and the nature of their testimony. *SEC v. Savoy Industries,* 587 F.2d 1149 (D.C.C.1979). Plaintiff argued that Defendant has not identified any specific witnesses and therefore has not carried its burden. Contrary to the Plaintiff's assertion, the Defendant listed six current employees who, with one exception, reside in New Jersey. (*See* Declaration of Melanie O'Neil, at 2-3).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

Not Reported in F.Supp.2d, 2002 WL 551031 (E.D.Mich.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff argues that the convenience of employees is given little weight in determining whether to transfer an action. *LeBouef v. Golf Operators,* 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998)("the potential witnesses are employees of Defendant; such witnesses can be compelled by Defendant to attend trial"); *DEV Industries, Inc. v. NPC, Inc.,* 763 F.Supp. 313 (N.D.Ill.1991). This authority does carry some persuasive weight. However, in the Eastern District of Michigan, the convenience of witnesses who are also employees is considered as part of a motion to transfer and is not discounted. *Thomas,* 131 F.Supp.2d at 938-939("the word ' witnesses' is unqualified" and cannot be understood as Congressional intent to protect only non-employee witnesses).

None of the witnesses the parties anticipate calling reside in Michigan. Plaintiff has not named any Verve employees that will be called as witnesses. The inventor of the '332 patent lives in Philadelphia but has agreed to travel to Michigan. Another witness, the patent attorney who prepared the patent application, resides in Arizona. For these two key witnesses it appears that either forum would be an inconvenience. This factor favors the Defendant because it has met its burden and the Plaintiff has not made any countervailing demonstration.

### 3. Ease of Access to Sources of Proof

*3 Defendant has alleged that there are several thousand pages of documents relating to the alleged products and allegations in the Complaint at its facilities in New Jersey. The Plaintiff has alleged possession of a similarly substantial amount of related paper. Neither party has shown the importance of the documents in question with specificity.

The ease of access to these sources of proof during litigation is highly contingent upon the location of Plaintiff's primary business operations. Because the Court finds Plaintiff's principal place of business is Michigan, this factor favors the Plaintiff.

### 4. Availability of Process to Compel Attendance of Unwilling Witnesses

Defendant has identified two former employees involved in development of the product at issue in this case. (*See Declaration of Melanie O'Neil, at 4, ¶ 8* ). Plaintiff argues that in order to meet its burden of proof on this issue, Defendant is required to show evidence that witnesses are unwilling to attend trial upon request. Plaintiff cites no authority for this proposition. Defendant states that since both witnesses are no longer under its control, their testimony at trial can be assured only if the case is tried in a district in which they are subject to compulsory process. *See* Fed.R.Civ.P. 45(c)(3).

The information in the Declaration of Melanie O'Neil indicates that the two witnesses were heavily involved in development of both products at issue. It is likely that inability to procure their presence at trial due to unavailability of process would work a hardship on Defendant.

### 5. Costs of Obtaining Willing Witnesses

Plaintiff argues that since Defendant has only identified employees or former employees its costs are negligible. If the case remains in Michigan, the Defendant must transport the six employees and two former employees, assuming ability to ensure their attendance at trial. The additional two named witnesses, the '332 patent inventor as well as the patent attorney, are required to travel to trial regardless of the forum. The costs to either of them associated with a transfer of venue are negligible.

Plaintiff has failed to provide information on any potential witness(es) in Michigan. Process to compel attendance of unwilling witnesses, if any, and obtaining willing witnesses would be best handled where the majority of the witnesses reside, most of whom are in New Jersey.

### 6. Practical Problems Associated with Trying the Case most Expeditiously and Inexpensively and the Interests of Justice.

Plaintiff has recently established its principal place

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4

Not Reported in F.Supp.2d, 2002 WL 551031 (E.D.Mich.)
**(Cite as: Not Reported in F.Supp.2d)**

of business in Michigan. However, Plaintiff has not named Michigan witnesses, other than its president, who will be called. Plaintiff argues that it is a small company and not well situated to bear the financial burden of litigating against the goliath Defendant in New Jersey. Plaintiff named two witnesses it intends to call at trial. Since neither lives in Michigan, the Plaintiff will bear the cost of transporting these witnesses regardless of venue. On the other hand, Defendant would potentially be required to transport eight witnesses to Michigan. In balancing the costs to each party, the Defendant will bear a much greater expense if the case is situated in Michigan while the Plaintiff's costs will be the same regardless of the venue.

\*4 This action has little connection to Michigan and a substantial connection to New Jersey. Neither party presented any evidence to show that the case could not be expeditiously managed in New Jersey. Situating the litigation in this case in New Jersey would facilitate expeditious and judicious resolution of this matter.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Transfer the Action (Docket No. 5, filed January 8, 2002) is GRANTED.

IT IS FURTHER ORDERED that the matter is TRANSFERRED to the United States District Court, District of New Jersey.

IT IS FURTHER ORDERED that the CLERK OF COURT process the necessary paperwork in order to effect the transfer forthwith.

E.D.Mich.,2002.
Verve, L.L.C. v. Becton Dickinson & Co.
Not Reported in F.Supp.2d, 2002 WL 551031 (E.D.Mich.)

Briefs and Other Related Documents (Back to top)

• 2:01cv74134 (Docket) (Oct. 31, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.