## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

---

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY

VERCRUYSSE MURRAY & CALZONE, P.C.
Daniel J. Bernard (P34225)
    dbernard@vmclaw.com
William E. Altman (P52788)
    waltman@vmclaw.com
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan  48025
(248) 540-8019
**Attorneys for Defendants**

## Table of Contents

| | Page |
|---|---|
| Statement of Questions Presented | ii |
| Index of Authorities | iii |
| Statement of Facts | 1 |

Argument

I.  THE COURT SHOULD AUTHORIZE DEFENDANTS TO CONDUCT EXPEDITED DISCOVERY IN ORDER TO RESPOND TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ............................................. 2

    A.  Standards For Granting Expedited Discovery ................... 2

    B.  Expedited Discovery Is Required In This Case And Would Not Prejudice The Plaintiff ........................... 3

Conclusion ............................................................................. 5

## Statement of Issues Presented

I. Should the Court permit expedited discovery where (a) the plaintiff's motion for injunctive relief is almost entirely based on an alleged examination of a computer hard drive, (b) Defendants have not had access to the hard drive or deposed the person who examined it, and (c) expedited discovery focused on the issues of the motion for preliminary injunction will not prejudice the plaintiff or unduly delay proceedings?

## Index of Authorities

**Page**

**Cases**

*Ellsworth Associates, Inc. v United States,*
    917 F Supp 841, (D DC 1996) .................................................. 3

*Onan Corp. v United States,*
    476 F Supp 428 (D Minn 1979) ................................................. 3

*Optic-Electronic Corp. v United States,*
    683 F Supp 269 (D DC 1987) .................................................. 3

*Pod-Ners, LLC v Northern Feed & Bean of Lucerne, Ltd. Liability Co.,*
    204 FRD 675 (D Colo 2002) .................................................. 2

*Qwest Communications Intern., Inc. v WorldQuest Networks, Inc.,*
    213 FRD 418 (D Colo 2003) .................................................. 2

*Semitool, Inc. v Tokyo Electron America, Inc.,*
    208 FRD 273 (ND Cal 2002) .................................................. 3

*Yokohama Tire Corp. v Dealers Tire Supply, Inc.,*
    202 FRD 612 (D Ariz 2001) .................................................. 2

**Rules**

Fed. R. Civ. P. 26(d), 30(a), 33(b), 34(b) and 36 ..................................... 2

## Statement of Facts

Plaintiff New World Systems sued its former employee, Chauncey Jones, and Jones' new employer, Tyler Technologies, Inc., alleging that Jones has breached his employment agreement. New World and Tyler compete in providing software applications and support to governmental agencies.

Plaintiff's complaint was filed on March 22, 2006, in the Oakland County Circuit Court and removed to this Court on April 4. On April 17, counsel met for settlement discussions. Defendants responded to Plaintiff's initial settlement demands on April 20, 2006.

Defendants filed a Motion to Change Venue or, Alternatively, to Dismiss This Action Against Defendant Chauncey Jones on April 21. Pursuant to LR 7.1(d)(2), Plaintiff's response to this motion is due May 5.

On April 26, 2006, 22 days after removal, Plaintiff filed a motion for a preliminary injunction in this Court. Defendants' response to this motion is due May 10.

The plaintiff's motion is based almost entirely on a report allegedly obtained from Digital Forensics Corporation (DFC), relating to a review of a laptop computer previously assigned to Chauncey Jones by New World Systems.[1]

---

[1] Even though Plaintiff also attaches an affidavit from its Vice President (Exhibit 3), that affidavit also relies primarily on the DFC report, as does the affidavit of Robert Snow, who works for DFC (Exhibit 5).

1

Defendants have not had access to the laptop or a mirrored hard drive with which to conduct their own investigation into the claims made by DFC and New World. As will be shown below, such access is critical in order for Defendants to respond to Plaintiff's motion, and Defendants must also depose, at a minimum, the author of the DFC report, Robert Snow.

The Court has set a scheduling conference for May 30.

### Argument

I. **THE COURT SHOULD AUTHORIZE DEFENDANTS TO CONDUCT EXPEDITED DISCOVERY IN ORDER TO RESPOND TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION.**

　　A.　**Standards For Granting Expedited Discovery.**

Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b) and 36 give this Court the power to adjust the timing requirements imposed under Rule 26(d) and if warranted, to expedite the time for responding to the discovery sought.

Expedited discovery is generally available upon a showing of good cause. *Qwest Communications Intern., Inc. v WorldQuest Networks, Inc.*, 213 FRD 418 (D Colo 2003). See also *Pod-Ners, LLC v Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 FRD 675, 676 (D Colo 2002); *Yokohama Tire Corp. v Dealers Tire Supply, Inc.*, 202 FRD 612, 614 (D Ariz 2001). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

responding party. *Semitool, Inc. v Tokyo Electron America, Inc.*, 208 FRD 273 (ND Cal 2002).

Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. See *Ellsworth Associates, Inc. v United States*, 917 F Supp 841, 844 (D DC 1996); *Optic-Electronic Corp. v United States*, 683 F Supp 269, 271 (D DC 1987); *Onan Corp. v United States*, 476 F Supp 428, 434 (D Minn 1979). A party opposing discovery bears the burden of showing why discovery should be denied. *Ellsworth, supra* at 845.

### B. Expedited Discovery Is Required In This Case And Would Not Prejudice The Plaintiff.

Plaintiff's motion for a preliminary injunction relies almost entirely on the report from Robert Snow of Digital Forensics Corporation, which purports to describe the steps undertaken to review the laptop computer returned to New World by Chauncey Jones. It is undisputed that this laptop was overnighted to New World on March 22 and received by New World on March 23. In Snow's report, however, he reports activity on the computer between March 23 and April 4:

> It has been reported by David Materne of NWS that *between the dates of 3/23/06 and 4/4/06, that [sic] NWS employees have used the computer to burn CD [sic] and other possible activities.* For this reason the DFC examination is only to focus on the dates between 1/1/06 and 3/23/06. (Plaintiff's Exhibit 5A, p3, emphasis added).

The primary issue raised in the plaintiff's motion for preliminary injunction is Defendant Jones' access to information previously stored on his New World-issued

3

laptop computer. To support its claims, the plaintiff offers exclusively a report from DFC. That report, however, discloses activity on the computer between March 23 (the day the computer was received by New World) and April 4 (the day the computer was provided to DFC). According to DFC's report, New World revealed that the computer was used "burn" compact discs "and other possible activities." It is certainly possible – perhaps likely – that these other, unspecified activities may have affected DFC's findings, but they are not described in DFC's report.

In addition to the activity on the computer after its return to New World, Defendants must have an opportunity to examine the hard drive itself. Typically, this is done by copying or "mirroring" the hard drive and having it examined by an expert in computer forensics.

Defendants have not had access to the laptop or a mirrored image of its hard drive in order to conduct an independent examination into Plaintiff's allegations. In addition to having the hard drive examined, Defendants need to depose Robert Snow in order to respond appropriately and authoritatively to Plaintiff's motion. Defendants anticipate that, if they are provided access to the hard drive, the initial examination and deposition can take place within 30 days after the hard drive is obtained.

Allowing expedited discovery focused on the issues in the preliminary injunction motion will not prejudice the plaintiffs. The time period for the discovery will be short -- Defendants estimate 30 days should be sufficient to examine the hard drive and take

4

the necessary depositions – and, given the nature of the plaintiff's business, there will be no disadvantage to waiting 30 days. Plaintiff's and Defendants' customers are public entities, letting contracts through public requests for proposals and the submission of bids, later publicly opened. Consequently, customer identities are neither secret nor proprietary, nor are sales opportunities time-critical. The process whereby municipalities and counties enter into contracts for products and services offered by the parties can take months or years. Permitting expedited discovery for 30 days, focused on the issues pertinent to the plaintiff's motion for preliminary injunction, will not have any effect on the plaintiff.

## Conclusion

For the foregoing reasons, Defendants pray that this Honorable Court will grant Defendants' motion for expedited discovery and permit Defendants to engage in expedited discovery for 30 days on the issues pertinent to Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

**VERCRUYSSE MURRAY & CALZONE, P.C.**

By: s/Daniel J. Bernard
Daniel J. Bernard (P34225)
William E. Altman (P52788)
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025-3469
(248) 540-8019
Attorneys for Defendants

Dated: May 3, 2006

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2006, Defendants' Motion for Expedited Discovery and Brief in Support of Motion for Expedited Discovery were electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Ralph R. Safford and Mary Ann Hart</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>none.</u>

/s/ Daniel J. Bernard
Daniel J. Bernard (P34225)
Vercruysse Murray & Calzone, P.C.
31780 Telegraph Road, Ste. 200
Bingham Farms, MI 48025-3469
dbernard@vmclaw.com
(248) 540-8019

6