UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

                      Plaintiff,         Case No. 2:06-cv-11603
                                          Hon. Denise Page Hood

v.

CHAUNCEY JONES and TYLER        Magistrate Judge Virginia M. Morgan
TECHNOLOGIES, INC.,

                      Defendants.

---

| SAFFORD & BAKER, PLLC | VERCRUYSSE, MURRAY & CALZONE, PC |
|---|---|
| Ralph R. Safford (P24633) | Daniel J. Bernard (P34225) |
| Mary Ann Hart (P48994) | William E. Altman (P52788) |
| Matthew W. Bower (P66957) | Attorneys for Defendants |
| Attorneys for Plaintiff | 31780 Telegraph Road, Suite 200 |
| 40900 Woodward Avenue, Suite 275 | Bingham Farms, Michigan 48025 |
| Bloomfield Hills, Michigan 48304 | (248) 540-8019 |
| (248) 646-9100 | |

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR EXPEDITED DISCOVERY**

## TABLE OF CONTENTS

Issues Presented ................................................................................................................ ii

Table of Authorities ......................................................................................................... iii

Counter-Statement of Facts................................................................................................1

Argument ...........................................................................................................................1

    I.    CONTRARY TO DEFENDANTS' ASSERTIONS, NEW WORLD WILL BE PREJUDICED IF DEFENDANT JONES IS PERMITTED TO VIOLATE HIS NON-COMPETITION AGREEMENT WITH NEW WORLD FOR ANOTHER THIRTY DAYS ................................................................................2

    II.   IN THE EVENT THAT THIS COURT PERMITS DEFENDANTS TO CONDUCT DISCOVERY ON AN EXPEDITED BASIS, NEW WORLD REQUESTS THAT IT ALSO BE ALLOWED EXPEDITED DISCOVERY...............................................4

Relief Requested ................................................................................................................4

## ISSUES PRESENTED

I. Should this Court allow Defendant Jones to violate the Non-Competition provision of his New World Employment Agreement for an additional thirty days?

II. In the event that this Court grants Defendants' Motion, should this Court also permit New World to conduct discovery on an expedited basis?

# TABLE OF AUTHORITIES

**Federal Cases**

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Ran*,
67 F. Supp. 2d 764 (E.D. Mich. 1999)......................................................................................3

*Worthy v. Michigan*,
142 F. Supp. 2d 806 (E.D. Mich. 2000).....................................................................................2

**COUNTER-STATEMENT OF FACTS**

From September 1998 to January 2006, Plaintiff New World Systems Corporation ("New World") employed Defendant Chauncey Jones as a sales representative. New World and Jones entered into an Employment Agreement which contains a Non-Competition provision. The Non-Competition provision provides that, in the event that he was employed by New World for six years or more, Jones would not compete with New World for a period of four years after the termination of his New World employment.[1]

In or around February 2006, Jones began working for Defendant Tyler Technologies, Inc. ("Tyler"). Jones is employed in Tyler's MUNIS division, which provides software and services to the public sector market, in direct competition with New World.

In addition to Jones' breach of the Non-Competition provision of his Employment Agreement, New World has acquired evidence that Jones has breached, and continues to breach, the Non-Disclosure provision of the Employment Agreement by using and disclosing New World's confidential information as he competes against it as a Tyler employee. See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*.

**ARGUMENT**

For the reasons discussed below, New World opposes Defendants' Motion for Expedited Discovery to the extent that Defendants seek a thirty-day delay in this Court's ruling on its pending motion for injunctive relief, during which time Defendant Jones will continue

---

[1] See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*, Ex. 1, p. 2.

1

competing with New World in clear violation of the Non-Competition provision of his New World Employment Agreement.

If Tyler agrees to transfer Jones to a non-competing position, or to give Jones a leave of absence until this Court rules on New World's Motion for Preliminary Injunction and Other Relief, New World does not object to Defendants' request for expedited discovery as long as this Court permits it to conduct expedited discovery as well.

I.   **CONTRARY TO DEFENDANTS' ASSERTIONS, NEW WORLD WILL BE PREJUDICED IF DEFENDANT JONES IS PERMITTED TO VIOLATE HIS NON-COMPETITION AGREEMENT WITH NEW WORLD FOR ANOTHER THIRTY DAYS.**

Count I of New World's Complaint alleges that Defendant Jones has breached the Non-Competition provision of his New World Employment Agreement. Count II of New World's Complaint alleges that Defendant Jones has breached the Non-Disclosure provision of his New World Employment Agreement.

In its *Brief in Support of its Motion for Preliminary Injunction and Other Relief*, New World has demonstrated a strong or substantial likelihood of success on the merits of these claims. See *Worthy v. Michigan*, 142 F. Supp. 2d 806, 809 (E.D. Mich. 2000). Indeed, Tyler *acknowledges* that Jones is working for a New World competitor, in violation of the Non-Competition provision of his New World Employment Agreement.[2]

Defendants' assertion that New World will not be harmed by a thirty-day delay because the process of consummating sales with governmental entities can take months or years misses the point. Because Jones is a former New World employee, prospective customers will likely

---

[2] See *Brief in Support of Defendants' Motion for Expedited Discovery*, p. 1.

2

give special credence to his negative comments about New World's software as he solicits sales for Tyler's competing products. Moreover, as more fully discussed in New World's Brief in Support of its Motion for Preliminary Injunction and Other Relief, Jones is almost certainly making unauthorized use of New World's confidential information to compete against it.

Given the complexities and uncertainties of developing a client base, unless immediate injunctive relief is granted, New World will be unable to quantify the impact of an additional thirty days of Jones' continued efforts on behalf of Tyler's MUNIS division, in flagrant violation of the Non-Competition provision. See *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Ran*, 67 F. Supp. 2d 764, 779 (E.D. Mich. 1999). New World is entitled to the benefit of its bargain which prevents Jones from competing within four years of leaving the company. Defendants should not be allowed to profit from Jones' continued wrongdoing for an additional thirty days. See *id*.

Indeed, Defendant Tyler recognizes the importance of non-competition agreements in the public sector software industry. One of the documents recovered from the New World laptop computer issued to Jones is apparently Jones' employment agreement with Tyler. Paragraph IX of the agreement provides in pertinent part, "MUNIS or Mr. Jones may terminate this agreement at any time. In this event, . . . it is agreed that Mr. Jones will not accept employment for one year by a direct competitor of MUNIS or compete directly within a territory including customers that he has serviced directly." **Exhibit 1**, Snow Affidavit, Exhibit A.

Defendants' sole basis for seeking expedited discovery is to investigate the findings of New World's computer forensics expert regarding the New World laptop computer provided to Jones. However, these findings have no relation to Jones' breach of the Non-Competition provision of his New World Employment Agreement. Accordingly, New World requests that

this Court deny Defendant's request for expedited discovery unless Jones is prevented from competing with New World in the interim.

### II. IN THE EVENT THAT THIS COURT PERMITS DEFENDANTS TO CONDUCT DISCOVERY ON AN EXPEDITED BASIS, NEW WORLD REQUESTS THAT IT ALSO BE ALLOWED EXPEDITED DISCOVERY.

Defendants request access to both the New World laptop computer used by Jones and New World's computer forensics expert. As long as Defendants agree to a protective order limiting access to the laptop computer to their counsel and an outside expert, New World has no objection.

However, New World requests that it also be permitted to conduct discovery on issues relating to its Motion for Preliminary Injunction and Other Relief. Specifically, New World asks this Court for permission to (1) depose Jones, and (2) allow its expert to examine both the laptop computer provided to Jones by Tyler and Jones' home computer. New World will agree to a protective order limiting access to these computers to Safford & Baker and Digital Forensics Corporation.

### RELIEF REQUESTED

New World requests that this Court deny Defendants' Motion for Expedited Discovery to the extent that it permits Jones to continue violating the Non-Competition provision of his New World Employment Agreement while the parties conduct discovery. In the event that this Court grants Defendant's Motion, New World requests that it also be permitted to conduct expedited discovery.

SAFFORD & BAKER, PLLC

Dated: May 4, 2006        By:    s/ *Mary Ann Hart*
                                                     Ralph R. Safford (P24633)
                                                     Mary Ann Hart (P48994)
                                                     Matthew W. Bower (P66957)
                                                     Attorneys for Plaintiff
                                                     40900 Woodward Avenue, Suite 275
                                                     Bloomfield Hills, Michigan 48304
                                                     (248) 646-9100

                                                     Claudia V. Babiarz (P36230)
                                                     Co-Counsel for Plaintiff
                                                     888 W. Big Beaver Road, Suite 600
                                                     Troy, Michigan 48084
                                                     (248) 269-1000

---

**PROOF OF SERVICE**

I hereby certify that on **May 4, 2006**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Daniel J. Bernard and William E. Altman.

                                       s/Mary Ann Hart (P48994)
                                       Safford & Baker, PLLC
                                       40900 Woodward Avenue, Suite 275
                                       Bloomfield Hills, Michigan 48304
                                       (248) 646-9100
                                       mhart@saffordbaker.com