**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NEW WORLD SYSTEMS CORPORATION,

                  Plaintiff,         Case No. 2:06-cv-11603
                                         Hon. Denise Page Hood

v.

CHAUNCEY JONES and TYLER        Magistrate Judge Virginia M. Morgan
TECHNOLOGIES, INC.,

                  Defendants.

---

| | |
|---|---|
| SAFFORD & BAKER, PLLC | VERCRUYSSE, MURRAY & CALZONE, PC |
| Ralph R. Safford (P24633) | Daniel J. Bernard (P34225) |
| Mary Ann Hart (P48994) | William E. Altman (P52788) |
| Matthew W. Bower (P66957) | Attorneys for Defendants |
| Attorneys for Plaintiff | 31780 Telegraph Road, Suite 200 |
| 40900 Woodward Avenue, Suite 275 | Bingham Farms, Michigan 48025 |
| Bloomfield Hills, Michigan 48304 | (248) 540-8019 |
| (248) 646-9100 | |

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
CHANGE VENUE OR, ALTERNATIVELY, TO DISMISS THIS
ACTION AGAINST DEFENDANT CHAUNCEY JONES**

## TABLE OF CONTENTS

Issues Presented ..................................................................................................................... ii

Table of Authorities ............................................................................................................... iii

Counter-Statement of Facts ..................................................................................................... 1

Argument ................................................................................................................................ 3

    I.    This Court should deny Defendants' motion for change of venue because Defendants have not demonstrated that an alternative forum is more convenient ............................................................ 3

        A.    Convenience of the Parties ............................................................... 4

        B.    Convenience of the Witnesses .......................................................... 5

        C.    Ease of Access to Sources of Proof ................................................. 6

        D.    Availability of Process to Compel Attendance of Witnesses .......................................................................................... 7

        E.    Cost of Obtaining Witnesses ............................................................ 7

        F.    Expense and Expeditiousness of Trying the Matter ......................... 8

        G.    Interests of Justice ............................................................................ 8

    II.    This Court should deny Defendants' alternative motion for dismissal of Defendant Jones because this Court may properly exercise personal jurisdiction over Defendant Jones .................................................................................................... 9

Relief Requested ................................................................................................................... 10

## ISSUES PRESENTED

I. Should this Court disturb Plaintiff's choice of forum and transfer this action to the U.S. District Court for the Middle District of Florida for the convenience of Defendant Chauncey Jones?

II. Is the State of Michigan a reasonably convenient place for the trial of this action such that this Court may exercise personal jurisdiction over Defendant Jones pursuant to M.C.L. § 600.745(2)?

# TABLE OF AUTHORITIES

**Federal Cases**

*Bacik v. Peek*,
888 F. Supp. 1405 (D. Ohio 1993)..................................................................................4

*Catalona v. BRI, Inc.*,
724 F. Supp. 1580 (E.D. Mich. 1989)..............................................................................4

*Dominium Austin Partners, L.L.C. v. Emerson*,
248 F.3d 720 (8th Cir. 2001) ...........................................................................................9

*In re Eastern Dist. Repetitive Stress Injury Litigation*,
850 F. Supp. 188 (E.D.N.Y. 1994) ..................................................................................4

*Global Crossing Telcoms., Inc. v. World Connection Group, Inc.*,
287 F. Supp. 2d 760 (E.D. Mich. 2003)...........................................................................8

*GMC v. Ignacio Lopez de Arriortua*,
948 F. Supp. 656 (E.D. Mich. 1996).............................................................................10

*Grand Kensington, LLC v. Burger King Corp.*,
81 F. Supp. 2d 834 (E.D. Mich. 2000)...................................................................4, 8, 9

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3rd Cir. 1995) .............................................................................................3

*Obee v. Teleshare, Inc.*,
725 F. Supp. 913 (E.D. Mich. 1989).......................................................................4, 5, 9

*Superior Consulting Co., Inc. v. Walling*,
851 F. Supp. 839 (E.D. Mich. 1994)................................................................................4


**Michigan Case**

*Sifers v. Horen*,
385 Mich. 195; 188 N.W.2d 623 (1971).......................................................................10

**Federal Statutes**

28 U.S.C. § 1332..................................................................................................................3

28 U.S.C. § 1404..................................................................................................................3

**Michigan Statutes**

M.C.L. § 445.1901 *et seq*....................................................................................................3

M.C.L. § 600.705................................................................................................................10

M.C.L. § 600.745..................................................................................................................9

**COUNTER-STATEMENT OF FACTS**

Plaintiff New World Systems Corporation ("New World") is a Michigan corporation which maintains its principal place of business in Troy, Michigan. New World is a public sector software company that develops integrated software solutions for state and local governments.

From September 1998 to January 2006, New World employed Defendant Chauncey Jones as a sales representative. Defendant Jones is a resident of the State of Florida. New World assigned Jones to solicit sales of New World products and services in Florida, Alabama, South Carolina, and Mississippi. Jones traveled frequently as part of his sales activities in the southeastern United States, as well as for regular sales meetings and training in Michigan.

Jones is currently employed by the MUNIS division of Defendant Tyler Technologies, Inc. ("Tyler"), a Delaware corporation with its principal place of business in Dallas, Texas. Defendant Tyler does business in all fifty states, including the State of Michigan where it maintains one of its nine regional offices[1] and from which it services numerous Michigan customers.

This action arises out of Jones' breach of the Non-Competition and Non-Disclosure provisions of his employment agreement with New World (the "Employment Agreement"), whereby Jones agreed that, after the termination of his employment, he would not (1) compete with New World for a period of four years, and (2) use or disclose New World's confidential information.

On January 6, 2006, New World notified Jones that it was terminating his employment effective January 13, 2006, and requested that he immediately return all New World property and

---

[1] See **Exhibit 1**.

confidential information. Subsequently, despite repeated requests from New World (both verbally and in writing), Jones failed to turn in his company laptop computer, his New World price list, his New World sales playbook, and other New World property and confidential information in his possession.

In early March 2006, New World learned that Jones had obtained employment with Defendant Tyler. Like New World, Tyler sells specialized software products and services to state and local governments. Tyler employed Jones in its MUNIS Division, headquartered in Falmouth, Maine, and immediately assigned him to sell software products in Florida, Alabama, and Tennessee that directly compete with New World's products.

New World immediately notified Tyler of (a) the existence of the non-competition and non-disclosure provisions of the Employment Agreement, and (b) Jones' failure to return the laptop computer and other New World materials in his possession. New World further informed Tyler that it considered Jones' employment with Tyler to be a violation of the non-competition provision of the Employment Agreement.[2]

Tyler responded that it had been unaware of Jones' retention of the laptop computer and other New World materials, and further stated that it had directed Jones to ship his laptop computer and other New World materials to New World the previous day. Tyler did not terminate Jones' employment or reassign him to a non-competitive position.

New World retained the services of Digital Forensics Corporation ("DFC"), of Livonia, Michigan, to examine Jones' laptop computer. DFC's investigation is not yet complete. However, as of the present date, DFC has discovered that approximately 3,000 files were deleted from the laptop between March 20 and March 23; many of these files appear to be directly

---

[2] See Complaint, Exhibits 4 and 5.

2

related to New World. Even more significantly, after the termination of Jones' employment with New World, he created several reports from the company's ACT! marketing database. The marketing database contains New World's accumulation of information on customers and prospects, including sales leads; the names, addresses, phone numbers of and pertinent details about contact persons; purchase timeframes; and buying needs. These reports were saved, and at least one report was copied onto a CD.

On March 22, 2006, New World filed the instant lawsuit in Oakland Circuit Court, alleging breach of non-competition covenant, breach of non-disclosure covenant, tortious interference with contractual relations, violation of the Michigan Uniform Trade Secrets Act, M.C.L. § 445.1901 *et seq.* (the "MUTSA"), and unfair competition. Defendants subsequently removed the lawsuit to this Court on grounds of diversity of citizenship. 28 U.S.C. § 1332. Defendants now seek to transfer the lawsuit to the United States District Court for the Middle District of Florida.

**ARGUMENT**

**I.     THIS COURT SHOULD DENY DEFENDANTS' MOTION FOR CHANGE OF VENUE BECAUSE DEFENDANTS HAVE NOT DEMONSTRATED THAT AN ALTERNATIVE FORUM IS MORE CONVENIENT.**

Defendants ask this Court to transfer this lawsuit to the United States District Court for the Middle District for Florida pursuant to 28 U.S.C. § 1404(a), which provides in relevant part, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of establishing the need for transfer rests with the movant. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995).

3

A plaintiff's choice of forum is generally entitled to "great weight." *In re Eastern Dist. Repetitive Stress Injury Litigation*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). Unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should rarely be disturbed. *Catalona v. BRI, Inc.*, 724 F. Supp. 1580, 1583 (E.D. Mich. 1989). The venue transfer provisions of § 1404(a) are not meant to merely shift the inconvenience to the plaintiff. *Bacik v. Peek*, 888 F. Supp. 1405, 1415 (D. Ohio 1993). Accordingly, when a discretionary venue transfer simply shifts the inconvenience from one party to the other, the motion should be denied. *Superior Consulting Co., Inc. v. Walling*, 851 F. Supp. 839, 845 (E.D. Mich. 1994); *Obee v. Teleshare, Inc.*, 725 F. Supp. 913, 917, n. 7 (E.D. Mich. 1989).

The factors to be considered in weighing a motion to change venue pursuant to § 1404(a) include, but are not limited to, (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the ease of access to sources of proof, (4) the availability of process to compel attendance of witnesses, (5) the cost of obtaining witnesses, (6) the expense and expeditiousness of trying the matter, and (7) the interests of justice. *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000).

### A. Convenience of the Parties.

Defendants claim that venue would be more convenient for the parties in the Middle District of Florida because (1) Jones lives in Florida, (2) Tyler, headquartered in Texas, does business in Florida, (3) the events alleged in the Complaint took place in Florida, and (4) all of the witnesses in this action are in Florida and other southeastern states.

While Jones does live in Florida, New World is headquartered in Michigan. Tyler's principal place of business is in Texas; however, its MUNIS Division, which currently employs

4

Jones, is based in Falmouth, Maine.[3] Thus, contrary to Defendants' assertion that **all** of the witnesses in this action are located in Florida and other southeastern states, the relevant party witnesses for New World are located in Michigan, and the relevant party witnesses for Tyler are located in Texas and/or Maine.

Moreover, while Tyler does conduct business in Florida, Defendants conveniently neglect to mention that Tyler conducts business in all fifty states. In fact, Tyler maintains one of its nine regional offices in Ann Arbor, Michigan.[4] Tyler does not maintain a regional office in Florida.

Accordingly, Defendants fail to demonstrate why the Middle District of Florida, as opposed to Plaintiff's chosen forum, the Eastern District of Michigan, would be more convenient for the three parties involved, particularly where only one of the parties is located in the proposed transfer state. While transferring venue to Florida is undoubtedly more convenient for Jones, such a transfer would be of no consequence to Tyler and much less convenient for New World. When a discretionary venue transfer would merely shift the inconvenience from one party to another, the motion should be denied. *Obee*, *supra*.

### B. Convenience of the Witnesses.

Defendants assert that "necessary witnesses will include 'the same customers and prospective customers for Defendant Tyler that [Jones] called on as a sales representative for New World.'" Both New World and Tyler are aware of, and able to reveal through discovery, the identities of the customers or prospects that Jones has solicited on its behalf.[5] Accordingly, there is no apparent need to call any of the customers or prospects of New World and Tyler.

---

[3] See **Exhibit 2**.
[4] See **Exhibit 1**.
[5] See **Exhibit 3**, Materne Affidavit ¶ 19.

5

Indeed, this Court can safely presume that both New World and Tyler will be extremely reluctant to embroil either their customers or their prospects in the present litigation if it can be avoided.

Even if it does become necessary to call any of the customers or prospects of New World and Tyler, as Defendants themselves point out, such witnesses are located in multiple jurisdictions, including Alabama, South Carolina, Mississippi, Georgia, and North Carolina. Therefore, whether the trial is held in Michigan or Florida, third-party witnesses theoretically would be required to travel. However, in actuality, it is extremely likely that if the participation of these non-party witnesses is required, the parties will depose them and use the deposition transcripts at trial, whether the case is tried in Florida or Michigan.

More importantly, as many of New World's claims concern Jones' illegal misappropriation and disclosures of New World's confidential information, one of the central third-party witnesses is located in Michigan, namely, New World's computer forensic expert. DFC's forensics examiner will testify at trial that his examination of Jones' laptop computer revealed that Jones deleted company files; and almost certainly downloaded, copied, and retained files which constitute New World's confidential information.[6]  Michigan is a more convenient forum than Florida for this critical witness.

### C.     Ease of Access to Sources of Proof.

Defendants incorrectly state that "all of the sources of proof are located in Florida and other southeastern states and not one of the sources of proof is located in Michigan." New World's executive personnel and corporate records are located at its headquarters in Troy,

---

[6] See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*, Exhibit 5, Snow Aff., ¶ 7, 10, and Exhibit C.

6

Michigan. Jones' laptop computer and the files obtained from it by New World's computer forensic expert are also located in Michigan.

### D. Availability of Process to Compel Attendance of Witnesses.

As already stated, the need for any party to call as witnesses the customers or prospects of either New World or Tyler is not inevitable, as the relevant information will be obtainable through the parties' own records. In any case, if it should be necessary to call such witnesses, none of the third-party witnesses located outside the State of Florida are within the judicial reach of the Middle District of Florida.

In addition, only two potential Florida witnesses have thus far been identified: Defendant Jones and a New World employee (whose testimony is not likely to be needed, given Defendants' admission that Jones is employed with Tyler's MUNIS division). Neither of these witnesses requires the exercise of a court's subpoena power to compel his or her appearance.

### E. Cost of Obtaining Witnesses.

Defendants again invoke the speculative need to acquire evidence from the customers or prospects solicited by Jones, despite the fact that their identities can be confirmed by the parties themselves. However, New World's executive personnel are located in Michigan. Moreover, the Tyler executives who will likely be witnesses — Robert Sansone, Skip Welch, Jim Hurley, Dick Peterson, and John Marr, Jr.[7] — appear to be located in Maine; the expense of producing these witnesses in Michigan and Florida is not likely to differ significantly.

---

[7] Jones interviewed with these individuals prior to his employment with Defendant Tyler. See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*, Exhibit 5, Snow Aff., Exhibit H.

7

Furthermore, as previously stated, it is extremely likely that, in the event that the testimony of such non-party witnesses is required, they will be deposed and the deposition transcripts will be used at trial, whether the case is tried in Florida or Michigan.

### F.  Expense and Expeditiousness of Trying the Matter.

Yet again, Defendants exaggerate the likelihood of seeking discovery and/or testimony from the customers and prospects of New World and Tyler, and ignore the expense and inconvenience of a Florida forum for New World's employees and third-party computer forensic expert.  In any case, the mere possibility that some discovery from customers and prospects will be required is insufficient to establish, under the totality of the circumstances, that Florida is a more convenient forum than Michigan.  Cf. *Grand Kensington*, *supra* at 837 ("Given the conveniences of today's world, the Court finds that bringing various documents to this district is not burdensome, let alone something that would tip the scales in favor of transferring the matter to Florida.").

### G.  Interests of Justice.

Defendants fail to identify any facts not already mentioned in factors (a) through (f) that demonstrate that the interests of justice require the transfer of venue to Florida.  In addition, Defendants ignore salient information indicating that the interests of justice favor proceeding in this Court.

Jones agreed both that the Employment Agreement would be governed by Michigan law and that he would be subject to the jurisdiction of the State of Michigan.[8]  These facts favor New World's chosen forum.  See *Global Crossing Telcoms., Inc. v. World Connection Group, Inc.*, 287 F. Supp. 2d 760, 765 (E.D. Mich. 2003) ("That the parties elected to invoke the benefits of

---

[8] See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*, Exhibit 1, ¶ P.

8

New York law speaks in favor of letting a New York court, rather than a Michigan court, resolve the present dispute.").

In addition, Jones agreed to arbitrate all disputes with New World that do not concern the Non-Competition and Non-Disclosure provisions of the Employment Agreement "at the Regional Office for AAA, Southeast Michigan within the state of Michigan."[9]  See *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) ("Due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause.").

Defendants have not demonstrated that the balance of considerations so strongly favors litigating this matter in Florida that New World's choice of forum should be disturbed.  At best, Defendants have only demonstrated that transfer of venue to Florida will shift any inconvenience from Jones to New World.  Defendants cannot show that the interests of justice are implicated by the shift of the burden of proceeding in a particular forum from one party to another.  See *Grand Kensington*, *supra*; *Obee, supra* at 917, n. 7.

## II. THIS COURT SHOULD DENY DEFENDANTS' ALTERNATIVE MOTION FOR DISMISSAL OF DEFENDANT JONES BECAUSE THIS COURT MAY PROPERLY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT JONES.

Defendants argue, in the alternative, that this Court should dismiss this action against Jones on the basis of lack of personal jurisdiction.  Defendants maintain that the requirements of M.C.L. § 600.745(2) are not satisfied because Michigan is not a reasonably convenient place for trial.  For the reasons discussed at length above, Defendants have failed to demonstrate that

---

[9] See *Brief in Support of Plaintiff's Motion for Preliminary Injunction and Other Relief*, Exhibit 1, ¶ M.

9

Michigan is not a reasonably convenient location for the trial of this lawsuit. Accordingly, this Court may properly exercise jurisdiction.[10]

## RELIEF REQUESTED

Plaintiffs request that this Court deny Defendants' Motion and award New World its actual attorney fees and costs incurred in defending this Motion.

SAFFORD & BAKER, PLLC

Dated: May 5, 2006        By:   s/*Mary Ann Hart*
              Ralph R. Safford (P24633)
              Mary Ann Hart (P48994)
              Matthew W. Bower (P66957)
              Attorneys for Plaintiff
              40900 Woodward Avenue, Suite 275
              Bloomfield Hills, Michigan 48304
              (248) 646-9100

              Claudia V. Babiarz (P36230)
              Co-Counsel for Plaintiff
              888 W. Big Beaver Road, Suite 600
              Troy, Michigan 48084
              (248) 269-1000

---

[10] Although they do not address it in the body of their Brief, in their Statement of Issues Presented, Defendants imply that this Court lacks personal jurisdiction because "(1) Jones does not live or work in Michigan, (2) Jones has never solicited sales in Michigan, [and] (3) Jones does not own property in Michigan." Michigan's long-arm statute, M.C.L. § 600.705, authorizes the exercise of personal jurisdiction over an individual nonresident defendant based upon, among other things, the transaction of any business within the state. The word "any" in M.C.L. § 600.705(1) "includes each and every. . . . It comprehends 'the slightest.'" *Sifers v. Horen*, 385 Mich. 195, 199, n. 2; 188 N.W.2d 623 (1971). Here, Jones had numerous contacts with Michigan. For example, he participated in at least two days of sales meetings, product/sales training and/or territory management planning four times a year at New World's headquarters in Troy, Michigan. In addition, Jones was in constant contact with New World personnel in Michigan — via telephone, letter, and e-mail — to discuss prospective sales to third parties and various other issues. See **Exhibit 3**, Materne Affidavit. Furthermore, the exercise of jurisdiction over Jones is reasonable due to the substantial connection between Jones' contractual breaches and misappropriation of New World's property and the consequences resulting in this forum. Cf. *GMC v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 665 (E.D. Mich. 1996) (finding personal jurisdiction where nonresident former employees of GM defected to Volkswagen with copies of confidential business plans and trade secret information).

10

**PROOF OF SERVICE**

    I hereby certify that on **May 5, 2006**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Daniel J. Bernard and William E. Altman.

                                            s/Mary Ann Hart (P48994)
                                            Safford & Baker, PLLC
                                            40900 Woodward Avenue, Suite 275
                                            Bloomfield Hills, Michigan 48304
                                            (248) 646-9100
                                            mhart@saffordbaker.com