UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

v.

CHAUNCEY JONES and TYLER
TECHNOLOGIES, INC.,

        Defendants.

Case No. 2:06-cv-11603
Hon. Denise Page Hood

Magistrate Judge Virginia M. Morgan

---

SAFFORD & BAKER, PLLC
Ralph R. Safford (P24633)
Mary Ann Hart (P48994)
Matthew W. Bower (P66957)
Attorneys for Plaintiff
40900 Woodward Avenue, Suite 275
Bloomfield Hills, Michigan 48304
(248) 646-9100

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

VERCRUYSSE, MURRAY & CALZONE, PC
Daniel J. Bernard (P34225)
William E. Altman (P52788)
Attorneys for Defendants
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
(248) 540-8019

---

## AFFIDAVIT OF DAVID MATERNE IN OPPOSITION TO DEFENDANTS' MOTION TO CHANGE VENUE OR, ALTERNATIVELY, TO DISMISS THIS ACTION AGAINST DEFENDANT CHAUNCEY JONES

David Materne, being first duly sworn, states:

1.     I am of full age, am making this affidavit upon personal knowledge, and can testify competently to the facts set forth below.

2. I am the Vice President of Finance and Administration for New World Systems Corporation ("New World"), the plaintiff in the above-captioned matter.

3. New World's corporate headquarters is located in Troy, Michigan.

4. From September 1998 to January 2006, New World employed Defendant Chauncey Jones as a sales representative.

5. All sales made by Jones during his time as a New World sales representative were directly linked to the efforts of New World personnel in Michigan. Almost every New World sale involves a product demonstration. Prior to the summer of 2005, New World's entire demonstration staff was based in Michigan.

6. All contract negotiations were typically performed by New World's senior management, which is based at New World's corporate headquarters.

7. All of Jones' sales reports and forecasts were reported regularly to his manager in Michigan.

8. Jones' salary was paid from New World's corporate headquarters.

9. Jones' commissions were paid when customer payments were received at New World's corporate headquarters.

10. Jones regularly attended sales and other meetings in Michigan which typically last for two or more days and which are held at least four times per year.

11. Jones reported his time and expenses to New World's corporate headquarters. His monthly travel expenses were reimbursed by checks mailed from New World's offices in Michigan.

4

12. Jones sent his weekly trip plans to Michigan and typically made his travel arrangements through New World's Michigan-based travel agency.

13. Jones' company equipment, including his company laptop and other equipment, was purchased by personnel at New World's corporate headquarters and provided to him.

14. New World's sales database (the ACT! System), in which New World compiles comprehensive information about its customers and prospects, was developed and maintained in Michigan. The company laptop issued to Jones contained a subset of the information on New World's sales database which Jones was responsible for updating and synchronizing.

15. The corporate e-mail system used by Jones as a New World employee is based in Michigan.

16. All marketing materials used by Jones as a New World employee were sent to him from New World's corporate headquarters.

17. When Jones attended trade shows, he used a New World booth that was sent to him from Michigan, where the booth normally is kept and maintained.

18. The products sold by Jones as a New World employee were developed and produced by New World in Michigan.

19. Records maintained at New World's corporate headquarters, including Jones' expense account records and ACT! database information, chronicle Jones' contacts with customers and prospects on behalf of New World.

Dated: May 5, 2006

_____
David Materne

Subscribed and sworn to before me this 5th day of May, 2006.

_____
BOB KAUFMAN
NOTARY PUBLIC STATE OF MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXP. JULY 1, 2006

6