UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

---

## DEFENDANTS' EMERGENCY MOTION FOR PARTIAL RECONSIDERATION

VERCRUYSSE MURRAY & CALZONE, P.C.
Daniel J. Bernard (P34225)
    dbernard@vmclaw.com
William E. Altman (P52788)
    waltman@vmclaw.com
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan  48025
(248) 540-8019
**Attorneys for Defendants**

## Defendants' Emergency Motion for Partial Reconsideration

Defendants Chauncey Jones and Tyler Technologies, Inc., by and through their attorneys, hereby move this Honorable Court for partial reconsideration of its May 5, 2006, Order granting in part and denying in part Defendants' motion for expedited discovery. Defendants request that the hearing on Plaintiff's motion for preliminary injunction be rescheduled to a date and time following the expedited discovery period, for the following reasons:

1. In order to prepare for a hearing on Plaintiff's motion for a preliminary injunction, the Court's order permits Defendants to conduct expedited discovery for 14 days after "mirroring" the hard drive upon which Plaintiff's is based.

2. At the earliest, Defendants will be able to mirror the hard drive on Tuesday, May 9.[1] The expedited discovery period would thus conclude on May 23.

3. Although the expedited discovery period permitted by the Court will last through May 23, the Court scheduled a hearing on Plaintiff's motion for a preliminary injunction on May 15, 2006, eight days before the expedited discovery period will end.

---

[1] Mirroring the hard drive requires a confidentiality order, as agreed by the parties and noted by the Court in its May 5 order. A draft order was submitted to Plaintiff's counsel on May 5, and Plaintiff's counsel communicated that the order is acceptable. It will be submitted for entry May 8 and, presumably, the hard drive will be mirrored May 9.

4. The information on the hard drive is not limited to the issue of the alleged use and/or disclosure of Plaintiff's confidential information. The hard drive is also the key evidence in Plaintiff's non-competition argument. Consequently, examining the hard drive and deposing related witnesses are critical to the non-competition hearing.

5. Defendants request only a change in the hearing date for Plaintiff's preliminary injunction motion. Defendants do not seek any change to the Court's order regarding the expedited discovery period, nor is it necessary to change the date for hearing Defendants' Motion To Transfer Venue Or, Alternatively, To Dismiss The Action As To Defendant Chauncey Jones.

6. Defendants' motion is further based on the points authorities discussed in the accompanying brief.

7. On May 8, 2006, the undersigned contacted Plaintiff's counsel and requested concurrence in the relief requested herein. Concurrence was denied, thus necessitating the filing of this motion.

For the foregoing reasons, Defendants pray that this Honorable Court will grant Defendants' emergency motion for partial reconsideration and reschedule the hearing on Plaintiff's motion for preliminary injunction to a date and time after the close of the expedited discovery period.

                                  Respectfully submitted,

                                  VERCRUYSSE MURRAY & CALZONE, P.C.

                                  By:    s/Daniel J. Bernard
                                  Daniel J. Bernard (P34225)
                                         dbernard@vmclaw.com
                                  William E. Altman (P52788)
                                         waltman@vmclaw.com
                                  31780 Telegraph Road, Suite 200
                                  Bingham Farms, Michigan  48025
                                  (248) 540-8019
Dated:  May 8, 2006                 Attorneys for Defendants