UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

---

## BRIEF IN SUPPORT OF
## DEFENDANTS' EMERGENCY MOTION FOR PARTIAL RECONSIDERATION

VERCRUYSSE MURRAY & CALZONE, P.C.
Daniel J. Bernard (P34225)
    dbernard@vmclaw.com
William E. Altman (P52788)
    waltman@vmclaw.com
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan  48025
(248) 540-8019
Attorneys for Defendants

## Table of Contents

|  | Page |
|---|---|
| Statement of Questions Presented | ii |
| Statement of Facts | 1 |
| Argument | |
| I. THE COURT SHOULD SCHEDULE THE HEARING ON PLAINTIFF'S PRELIMINARY INJUNCTION MOTION TO A DATE FOLLOWING THE EXPEDITED DISCOVERY PERIOD | 2 |
| Conclusion | 3 |

## Statement of Issues Presented

I. Should the Court reschedule the hearing on Plaintiff's preliminary injunction motion where (a) the motion for preliminary injunction is based almost entirely on the contents of a New World-issued laptop computer; (b) the Court has permitted expedited discovery until approximately May 23, 2006; (c) rescheduling the hearing for a date following the expedited discovery period will not prejudice the Plaintiff but will permit Defendants to respond fully to Plaintiff's motion?

## Statement of Facts

On April 26, 2006, 22 days after this case was removed to this Court and five days after Defendants filed their motion to transfer venue or, alternatively, to dismiss the case as to Defendant Chauncey Jones, Plaintiff filed a motion for a preliminary injunction. Plaintiff has not filed a motion for a temporary restraining order. Defendants' response to the preliminary injunction motion is due May 10.

Although it is divided into separate parts addressing non-competition and confidentiality, the plaintiff's motion is based almost entirely on a report allegedly obtained from Digital Forensics Corporation (DFC), relating to a review of a laptop computer previously assigned to Chauncey Jones by New World Systems.

On May 5, 2006, the Court issued an order granting in part and denying in part Defendants' motion for expedited discovery. The order permits Defendants to mirror the hard drive and conduct expedited discovery for 14 days thereafter. The order also schedules the hearing on Defendants' motion to transfer venue for May 15 at 4:00 p.m.

The order also set a hearing on Plaintiff's preliminary injunction motion on May 15, as to enforcement of the non-competition agreement.

On May 5, Defendants provided Plaintiff with a draft protective order in order to permit Defendants to copy and analyze the hard drive from the subject laptop computer. On May 8, Plaintiff's counsel communicated that the draft order is acceptable. Defendants will therefore submit the proposed order May 8 and, assuming the order is

1

entered May 8, the hard drive will be "mirrored" May 9, and expedited discovery will conclude May 23.

### Argument

I. **THE COURT SHOULD SCHEDULE THE HEARING ON PLAINTIFF'S PRELIMINARY INJUNCTION MOTION TO A DATE FOLLOWING THE EXPEDITED DISCOVERY PERIOD.**

Although Plaintiff has divided its preliminary injunction motion into "non-competition" and "confidentiality" parts, its brief makes clear that both aspects of the motion depend upon the contents of the laptop's hard drive. In fact, the laptop is the only evidence cited during the argument section in Plaintiff's brief in support of its request for a non-competition injunction:

> DFC's[1] reports strongly indicate that, after Jones became a Tyler representative, his laptop computer was used to access and copy information from ACT. * * * This evidence demonstrates that Jones has no intention of abiding by the non-confidentiality provision of the Employment Agreement. (Plaintiff's brief at 8).[2]

Consequently, it is not possible to divorce the hearing on non-competition from the hearing on confidentiality, because both rely on the same evidence – the laptop's hard drive. By the same token, the preliminary injunction hearing must follow the expedited discovery period, so that both the Court and the parties will be fully informed on the issues to be determined.

---

[1] "DFC" is Digital Forensics Corporation, the company which examined the laptop's hard drive.
[2] This portion of the brief also cites the Materne and Snow affidavits, which rely on the DFC report.

2

Defendants anticipate that the expedited discovery period will last until May 23, assuming the confidentiality order is entered by May 9. Accordingly, a hearing date as to the preliminary injunction motion should be set after May 23.

This short delay will not unduly delay the case or prejudice the plaintiff in any way. Defendants' motion to transfer venue will be fully briefed and should still be heard on May 15. Defendants do not seek any change to the length or terms of the expedited discovery permitted by the Court.

### Conclusion

For the foregoing reasons, Defendants pray that this Honorable Court will grant Defendants' emergency motion for partial reconsideration and reschedule the hearing on Plaintiff's motion for preliminary injunction to a date and time after the close of the expedited discovery period.

               Respectfully submitted,

               **VERCRUYSSE MURRAY & CALZONE, P.C.**

               By: s/Daniel J. Bernard
               Daniel J. Bernard (P34225)
               dbernard@vmclaw.com
               William E. Altman (P52788)
               waltman@vmclaw.com
               31780 Telegraph Road, Suite 200
               Bingham Farms, MI 48025-3469
               (248) 540-8019

Dated: May 8, 2006          Attorneys for Defendants