**tyler*works*.** | Tyler Technologies, Inc.
| 5499 Sherry Lane   Dallas, Texas 75225   Tel: 972-713-3700   Fax: 972-713-3741   www.tylerworks.com

*Via Fax (248) 269-1030*

March 23, 2006

Ms. Claudia V. Babiarz
Corporate Counsel
New World Systems
888 West Big Beaver Road, Suite 600
Tory, MI 48084-4749

Dear Ms. Babiarz:

This letter is a follow up to our conversation on Monday, March 20, 2006. Prior to your letter of March 16, 2006, Tyler Technologies was completely unaware that Mr. Jones may have retained any information obtained during his employment at New World, including a laptop computer. Upon learning this, I immediately instructed Mr. Jones' human resources supervisor to investigate, whereupon Tyler Technologies learned for the first time that Mr. Jones did have some New World information within his possession. Mr. Jones was instructed by both the human resources department and the President of the division in which he is employed to immediately return any and all information or materials in his possession that are the property of New World.

Yesterday, Mr. Jones sent by Federal Express all New World equipment and files within his possession, including the following:

- HP Office Jet Model K-80, serial # MY24AD62VC (Federal Express tracking number: 8571 0791 1662)
- IBM Laptop Model (R51) 2883-2XU, serial # 99-03333 (Federal Express tracking number 8571 0791 1651)
- Epson LCD Projector Model Emp-715, serial # CWQ02Y0310Z (Federal Express tracking number 8571 0791 1651)
- New World written files and materials (Federal Express tracking number 8571 0791 1651)

Mr. Jones sent the foregoing to the attention of Leslie Tingliff and should arrive today, March 23, 2006. Mr. Jones has assured us that he has no other information obtained from New World in his possession. If the foregoing equipment and materials do not arrive today, please let me know and I shall follow up.

With respect to our discussion of Mr. Jones' non-compete agreement, I am still awaiting a fully executed copy of the agreement you contend that he signed. However, in the interim, I have asked local counsel to review the terms of the unexecuted section of an agreement previously forwarded. Our preliminary analysis is that a four-year nationwide non-compete for a sales representative is overly broad and unreasonable. Moreover, because companies like Tyler Technologies, New World, and other companies in our market transact business in the public domain, much of the general knowledge of sales representatives is, in fact, public information – either as a matter of public record, as voluntarily disclosed by public entities both during and after

an RFP process, or as the proper subject of Freedom of Information Act requests. As such, it is simply not uncommon for the sales representatives of Tyler Technologies, New World, or any of our competitors to have a common, working knowledge of many of the things you contend are confidential. In any event, given that Mr. Jones has returned all New World documents and property, and specifically has been advised not to retain any copies of New World information, there can be no basis for any assertion that he is in a position to disclose or otherwise use New World's non-public information in the performance of his duties for Tyler Technologies.

On a related matter, as I mentioned during our discussion, the letter of David Materne dated March 8, 2006 whereby he suggested that Tyler Technologies "interfered in the business agreement that New World has with (Mr. Jones)" caused me to investigate other employee solicitation incidents between New World and Tyler Technologies, the results of which are concerning and warrant further investigation. Specifically, in the past year, New World directly solicited Tyler Technologies sales employees by sending information and care packages to their homes. One of our employees, Mr. Lee Clark, still has a copy of this solicitation package.

Even more concerning is the 2005 solicitation and hiring of employees of SSI, a business partner of Tyler Technologies – MUNIS Division. In the fall of 2005, New World hired Ms. Heather Brown, a demonstrator of MUNIS products. Prior to Ms. Brown's departure and without disclosing her intention to go to work for a competitor, Ms. Brown sent an email to Ms. Heidi Biron requesting her to send all information regarding how MUNIS demonstrates its products. Because Ms. Brown was employed by a business partner of MUNIS and was directly responsible for MUNIS customers, Ms. Biron forwarded such information. Two days later, Tyler Technologies discovered that Ms. Brown had resigned from SSI to go to work for New World. To the extent New World continues to possess any Tyler Technologies materials, such materials should be returned. Moreover, we believe that New World's cavalier willingness to hire Tyler Technologies' employees and partners with the seemingly express intent to utilize our information would be relevant to any litigation New World might pursue against Mr. Jones.

Again, with respect to Mr. Jones, Tyler Technologies was unaware of his possession of any information and has facilitated the return of any such information. He has also been instructed to not disclose any non-public information regarding New World. With respect to the New World's solicitations of Tyler employees and business partners, I will continue to investigate these matters and will pursue vigorously as warranted and/or to the extent that proceedings escalate between the companies. In the interim, should New World decide to pursue any action against Tyler Technologies or any of its employees, please contact me prior to seeking any ex parte temporary orders so that Tyler Technologies may have the opportunity to have local counsel present at any such hearing.

Sincerely,

H. Lynn Moore, Jr
Vice President and General Counsel