# STATE OF MICHIGAN

# COURT OF APPEALS

GODLAN, INC.,

    Plaintiff-Appellant,

v

GREG WHITEFORD and DCL, INC.,

    Defendants-Appellees,

and

COMPLETE COMPUTER SYSTEMS, INC.,
STEVEN H. SCOTT, TOM TANNEHILL, and
DAVID PHILLIPS,

    Defendants.

UNPUBLISHED
March 11, 2003

No. 227696
Charlevoix Circuit Court
LC No. 99-170818-CK

---

GODLAN, INC.,

    Plaintiff-Appellant,

v

DCL, INC.,

    Defendant-Appellee,

and

GREG WHITEFORD,

    Defendant.

No. 231555
Charlevoix Circuit Court
LC No. 99-170818-CK

---

Before: Whitbeck, C.J., and Cavanagh and Bandstra, JJ.

PER CURIAM.

In Docket No. 227696, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendants Greg Whiteford and DCL, Inc. ("DCL"). In Docket No. 231555, plaintiff appeals by leave granted from the trial court's order imposing sanctions against plaintiff and in favor of DCL under MCR 2.114. We affirm the grant of summary disposition, but vacate the order imposing sanctions.

In short, the factual background of this case involved Complete Computer Systems ("Complete"), a company of which defendant Whiteford was a part owner, selling its "Symix customer base" to plaintiff. DCL was one of these customers. Whiteford then became an employee of plaintiff in a computer related field. Eventually, Whiteford accepted an offer of employment with DCL in a computer related position. Plaintiff brought this suit, predicated fundamentally on a claim that Whiteford breached non-competition clauses in the purchase agreement involving Complete and his employment contract with plaintiff.

Plaintiff first argues that the trial court erred by granting summary disposition in favor of defendants Whiteford and DCL. We disagree. We review de novo a trial court's decision on a summary disposition motion. *Hoekstra v Bose*, 253 Mich App 460, 462; 655 NW2d 298 (2002). Although not expressly stated, it is clear that the trial court granted the motion under MCR 2.116(C)(10) because it considered documentary evidence beyond the pleadings. In considering such a motion, we view the evidence submitted by the parties in the light most favorable to the party opposing the motion. Where the proffered evidence fails to show a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

An essential component of all of plaintiff's claims against Whiteford and DCL[1] is that Whiteford had a contractual obligation at the relevant time not to undertake his computer related employment with DCL. Assuming, without deciding, that either or both of the non-competition clauses would by their terms preclude Whiteford from having started his employment with DCL, we conclude that neither clause can be validly applied in such a manner because it would constitute an unreasonable restraint of trade.[2] MCL 445.772 provides that a contract "in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful." However, MCL 445.774a permits an employment agreement to contain a non-competition agreement that "protects an employer's reasonable competitive business interests . . . if the agreement or covenant is reasonable as to its duration, geographical area, and the type of employment or line of business." Further, even outside the employment context, non-competition agreements, such as those involved with the sale of business, are permissible under "the common-law rule of reason embodied within [MCL 445.772]" if they are reasonable. *Bristol Window & Door, Inc v Hoogenstyn*, 250 Mich App 478, 497-498; 650 NW2d 670 (2002).

---

[1] In its complaint, plaintiff alleged breach of contract claims against Whiteford, an intentional interference with contractual relations claim against DCL, and a civil conspiracy claim against both parties.

[2] Thus, we need not consider the question of whether the merger clause in the employment agreement had the effect of nullifying the non-competition clause in the purchase agreement with regard to Whiteford.

The decision in *Follmer, Rudzewicz & Co, PC v Kosco*, 420 Mich 394; 362 NWd 676 (1984), is instructive as to the types of non-competition agreements that are reasonable. In particular, the Court stated that "an employee is entitled to the unrestricted use of general information acquired during the course of his employment or information generally known in the trade or readily ascertainable," but an employer may protect "confidential information, including information regarding customers" by contract. *Id.* at 402-403. In the present case, there is no indication that Whiteford used trade secrets or similar confidential information from his employment with plaintiff in connection with his later employment with DCL.[3] Further, the mere fact that Whiteford may have gained knowledge or skills from his employment with plaintiff in using "Symix" software does not constitute confidential information of plaintiff that it has a reasonable competitive interest under the rationale of *Follmer* in precluding Whiteford from using elsewhere. In this regard, there is no indication of any legal bar to DCL using Symix software itself without plaintiff's participation or from generally using its own employees in connection with such software. Importantly, Whiteford is not "competing" with plaintiff in the most natural sense of the term. Nor is there any suggestion that DCL is using Whiteford to provide computer related services to other parties or that either Whiteford or DCL is otherwise seeking to use its knowledge regarding the "customer base" that Complete sold to plaintiff to compete with plaintiff with regard to those customers. Rather, it is apparent from the submitted evidence that DCL simply hired Whiteford in regard to its own "in-house" computer related needs. Given that DCL would be free in general to hire any person to assist with such work, we perceive of no basis on which plaintiff has a legitimate competitive interest in precluding DCL from hiring Whiteford to perform such work. In either event the work would not be performed by plaintiff. Thus, we conclude that the trial court's grant of summary disposition in favor of Whiteford and DCL should be affirmed.[4]

Plaintiff also argues that the trial court erred by imposing sanctions against it, and in favor of DCL, under MCR 2.114. We agree. We review a decision to impose sanctions to determine if it is clearly erroneous. A decision is clearly erroneous if a reviewing court is left with a firm and definite conviction that a mistake was made. *Schadewald v Brule*, 225 Mich App 26, 41; 570 NW2d 788 (1997).

Here, DCL's motion for sanctions was predicated entirely on its argument that plaintiff's claims for tortious interference and civil conspiracy were lacking in arguable merit because of Whiteford's at-will employment status with plaintiff when he stopped working for plaintiff and began employment with DCL. However, contrary to this argument, plaintiff's claims were not predicated on Whiteford breaching a contractual obligation by terminating his employment with

---

[3] While an affidavit offered by plaintiff asserted that Whiteford agreed to use "specialized knowledge and skills" that he obtained in employment with plaintiff in the employment with DCL, it does not provide detail about the alleged "specialized" knowledge and skills. Such a conclusory allegation is insufficient to create a genuine issue of material fact. *Quinto, supra* at 371-372.

[4] While plaintiff attacks the trial court's reliance on *Kelsey-Hayes Co v Maleki*, 765 F Supp 402, vacated 889 F Supp 1583 (ED Mich, 1991), because we conclude that the grant of summary disposition should be affirmed based on Michigan case law, it is unnecessary to consider this federal decision in resolving this state law question.

plaintiff. Rather, plaintiff's claims were based on a contention that Whiteford breached the non-competition clause in the employment agreement, which plainly stated that it was in force for twelve months after the employment agreement terminated and, thus, at the time relevant to this case. Contrary to DCL's position on this matter, Whiteford's employment status with plaintiff was not material to the claims at issue. In this regard, *Dzierwa v Michigan Oil Co*, 152 Mich App 281; 393 NW2d 610 (1986), which is cited by DCL, is distinguishable. In that case, this Court held that an employee could not maintain a tortious interference claim based on the termination of his at-will employment because the termination of such employment does not involve a breach of contract. *Id*. at 287. However, plaintiff's claims in the present case are not based on Whiteford's termination of his employment with plaintiff, but rather on the employment that he undertook with DCL. Accordingly, we conclude that the trial court clearly erred in granting DCL's motion for sanctions.

We affirm the trial court's grant of summary disposition in favor of Whiteford and DCL, but vacate the order granting sanctions against plaintiff and in favor of DCL.

/s/ William C. Whitbeck
/s/ Mark J. Cavanagh
/s/ Richard A. Bandstra