UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

---

### EXHIBIT H (AFFIDAVIT OF HENRY WELCH) TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REGARDING NON-COMPETITION

### CERTIFICATE OF SERVICE

**VERCRUYSSE MURRAY & CALZONE, P.C.**
Daniel J. Bernard (P34225)
    dbernard@vmclaw.com
William E. Altman (P52788)
    waltman@vmclaw.com
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
(248) 540-8019
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

## AFFIDAVIT OF HENRY WELCH

Henry Welch, being duly sworn, deposes and states as follows:

1. I make this affidavit of my personal knowledge. If called as a witness, I can testify competently to the foregoing in open court.

2. I am employed by Tyler Technologies' MUNIS Division as Vice President, Eastern Region Sales. MUNIS is Tyler's proprietary financial management software for public sector agencies.

3. Before Chauncey Jones was hired by Tyler's MUNIS Division, he interviewed with numerous division representatives, including members of the division's senior management such as the President, the CEO, the Vice President for Sales, and the Human Resources Director. This is standard procedure and represents nothing unusual for Tyler.

4. At the time Jones joined Tyler, we were about to have our monthly sales meeting in early March, 2006. In preparation for the meeting and as a standard practice, I asked Jones to provide a list of prospects, a description of the kinds of sales programs he had experience with, and a description of how he had interacted with customers in the past. The purpose of this information is gauge how closely a salesperson's experience matches Tyler's approach and to assign appropriate internal training time and opportunities.

5. At the time of the March 2006 sales meeting, I advised Jones that Tyler had no interest in and did not want any New World information.

6. To my knowledge, Jones has not disclosed or used any proprietary information from New World in the performance of his duties for Tyler. Likewise, he has not disclosed any New World proprietary information to Tyler.

7. The customers and prospective customers whom New World and Tyler solicit for business are public sector agencies and local governments. The identities of the customers and prospective customers and their business needs are public information and readily obtainable through the telephone book, the internet, and other public domain sources. Business opportunities and customer needs in a particular area are usually conveyed in the form of proposals published by public agencies in various forums, including internet bulletin board services such as Demandstar, and are known to New World, Tyler, and other vendors in the field.

8. When a public agency issues a contract to a vendor pursuant to a public bidding process, the bids become public records and are subject to state open records law requests, so anyone can learn how a vendor priced a particular bid and use that information in the future.

9. Public sector customers are not required to – and often do not – select the lowest bidder to provide services of the sort offered by Tyler and New World. These decisions are often based on product and service quality, not prices. Because bids become public records, all bidders have access to every other bidder's proposals, which reveal their pricing approach to a particular customer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____May 11_____, 2006.

_____
GAYLE M. SCHMIDT
Notary Public, Maine
My Commission Expires February 10, 2012

_____
Henry Welch

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2006, Exhibit H (Affidavit of Henry Welch) to Defendants' Brief in Response to Plaintiff's Motion for Preliminary Injunction Regarding Non-Competition was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Ralph R. Safford and Mary Ann Hart</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>none.</u>

/s/ Daniel J. Bernard
Daniel J. Bernard (P34225)
Vercruysse Murray & Calzone, P.C.
31780 Telegraph Road, Ste. 200
Bingham Farms, MI 48025-3469
dbernard@vmclaw.com
(248) 540-8019