UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

_____

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF MOTION TO CHANGE VENUE OR,
ALTERNATIVELY, TO DISMISS THIS ACTION AGAINST
DEFENDANT CHAUNCEY JONES**

VERCRUYSSE MURRAY & CALZONE, P.C.
Daniel J. Bernard (P34225)
William E. Altman (P52788)
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
(248) 540-8019
Attorneys for Defendants

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

DISCUSSION ................................................................................................................................. 1

I. THIS CASE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA BECAUSE IT IS THE MOST CONVENIENT FORUM TO TRY THE CASE. .......................................................................................................... 1

    A.   Standards for Transferring the Case ....................................................................... 1

    B.   The Middle District Of Florida Is The Most Convenient Forum In Which To Try This Case. ........................................................................................ 1

    C.   The Court Lacks Personal Jurisdiction Over Defendant Jones ............................... 4

CONCLUSION ............................................................................................................................... 4

# INDEX OF AUTHORITIES

**Page**

### Cases

*General Motors Corp. v Ignacio Lopez de Arriortua*
948 F Supp 656 (ED Mich 1996) .......................................................................................... 4

*Grand Kensington, LLC v Burger King Corp.*
81 F Supp 2d 834 (ED Mich 2002) ...................................................................................... 2

### Statutes

28 U.S.C. 1404(a) and 1406(a) ............................................................................................. 4

## INTRODUCTION

Plaintiff's complaint alleges that Chauncey Jones breached his employment contract with New World after he was terminated in January 2006. The facts that New World relies upon to oppose transfer of this action to Florida, however, do not relate to any conduct on the part of Jones or Tyler Technologies. New World's response brief and accompanying affidavit establish only one thing – New World is based in Michigan.

## DISCUSSION

**I. THIS CASE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA BECAUSE IT IS THE MOST CONVENIENT FORUM TO TRY THE CASE.**

**A. Standards for Transferring the Case.**

Plaintiff concedes the transfer standards as described by Defendants.

**B. The Middle District Of Florida Is The Most Convenient Forum In Which To Try This Case.**

In contrast to its response brief, New World's complaint alleges that Jones has violated his employment agreement by "calling on many of the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for New World." (Plaintiff's complaint, Exhibit 1 to Defendants' principal brief, at ¶ 27). As a sales representative for New World, Jones called upon customers only in Florida, Alabama, South Carolina, Mississippi, Georgia and North Carolina. (Id. at ¶ 12). New World's response brief ignores these critical allegations in its Complaint and focuses on New World's conduct rather than any conduct of Jones and Tyler that might support keeping the case here rather than transferring it to the appropriate district or, alternatively, dismissing the case as to Jones for lack of jurisdiction.

Specifically, the affidavit upon which New World relies sets forth New World conduct only, including:

- "prior to the summer of 2005, New World's entire demonstration staff was based in Michigan." (Materne Affidavit at ¶ 5)

- "Contract negotiations were typically performed by NW's senior management in Michigan." (Id. at ¶ 6)

- New World paid Jones salary, commission, and expenses from Michigan. (Id. at ¶¶ 8, 9, 11)

- New World received Jones' sales reports and forecasts in Michigan. (Id. at ¶ 7)

- New World required Jones to attend sales meeting in Michigan four times per year. (Id. at ¶ 10)

- New World purchased equipment in Michigan. (Id. at ¶ 12)

- New World maintains its databases and e-mail systems in Michigan. (Id. at ¶¶ 14, 15)

- New World mailed marketing materials from Michigan. (Id. at ¶ 16)

- New World keeps and maintains its trade show booth in Michigan. (Id. at ¶ 17)

- New World develops and maintains its products in Michigan. (Id. at ¶ 18)

- New World maintains its records in Michigan. (Id. at ¶ 19)

These allegations establish only that New World keeps its "stuff" in Michigan. However, as set forth in New World's brief, Judge Zatkoff recently held that moving documents from one district to another does not "tip the scales" in evaluating whether a case should be transferred. *Grand Kensington, LLC v Burger King Corp.*, 81 F Supp 2d 834, 837 (ED Mich 2002).

Moreover, each of these allegations is completely irrelevant to the issue of venue.

As established in Defendants' motion to transfer, all of the alleged conduct in New World's complaint, if it occurred at all, occurred in Florida, not Michigan. Jones' sales duties for

2

New World were limited exclusively to Florida and other southeastern states, and he has only conducted business in Florida and Alabama on behalf of Tyler. (Exhibit 5, Chauncey Jones Affidavit). Jones has not at any time engaged in sales activities in Michigan. (Id.). Indeed, Jones has not worked in Michigan, lived in Michigan or owned property in Michigan. (Id.). Moreover, the Eastern District of Michigan does not have the subpoena power to compel witnesses in Florida or Alabama.

It is also not true that this case can be tried solely on documents, as Plaintiff suggests. (Plaintiff's response brief at 7). This assertion is not only untrue, but conflicts directly with Plaintiff's position in response to Defendants' motion for expedited discovery, in which Plaintiff expressed a concern over Jones making "negative comments about New World's software" to prospective customers. (Plaintiff's brief in response to motion for expedited discovery at 2-3). Such "negative comments" cannot be explored by documents.

Plaintiff's claim for damages, moreover, depends on proving that Jones' breach of his employment agreement is the cause of Plaintiff's failure to be awarded a (so far unspecified) government contract. Such causation will not be shown merely by documents, but will require the testimony of persons involved in the decision-making process. These persons work and reside primarily in Florida.

New World's reliance on the arbitration provision of the Employment Agreement is inapposite because that provision expressly excludes the Non-Competition and Non-Disclosure provisions of the agreement, thereby excluding the very claims New World asserts in this lawsuit.

3

### C. The Court Lacks Personal Jurisdiction Over Defendant Jones.

Plaintiff's response to this portion of Defendants' motion relies primarily on *General Motors Corp. v Ignacio Lopez de Arriortua,* 948 F Supp 656 (ED Mich 1996), in which the court asserted jurisdiction over non-resident defendants. This case does not apply here, however, because the facts are completely different, and it did not merely involve, contrary to Plaintiff's description, "nonresident former employees of GM." As stated by the court in *General Motors*, "Lopez planned the conspiracy *here in Michigan*, took copies of documents *here*, gave documents to an accomplice *here*, and organized the transportation of documents *from here* to Germany." *Id.* at 664 (emphasis added). The court further observed that "[t]he complaint alleges the theft of trade secrets from an American corporation that *took place in Michigan* pursuant to a conspiracy by and on behalf of Piech and Neumann *in concert with then Michigan residents*, the Lopez Group." *Id.* at 665 (emphasis added). The court concluded that "Plaintiffs' cause of action arises from Defendants' *activities in Michigan*. Defendants' *activities in Michigan* are substantially related to the operative facts of this controversy." (*Id.*, emphasis added).

In contrast, Plaintiff's claims arise entirely from Jones' alleged activities in Florida and are completely unrelated to anything he ever did in Michigan.

### CONCLUSION

For the foregoing reasons and for those stated in Defendants' principal brief, Defendants ask the Court to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(a) and 1406(a) or, alternatively, to dismiss this action against Defendant Chauncey Jones for lack of personal jurisdiction.

                              Respectfully submitted,

                              **VERCRUYSSE MURRAY & CALZONE, P.C.**

                              By:    s/William E. Altman
                                       Daniel J. Bernard (P34225)
                                       William E. Altman (P52788)
                              31780 Telegraph Road, Suite 200
                              Bingham Farms, Michigan  48025
                              waltman@vmclaw.com
                              (248) 540-8019

Dated: May 12, 2006                 Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Ralph R. Safford and Mary Ann Hart</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>none.</u>

                                            s/William E. Altman  
                                            William E. Altman (P52788)  
                                            Vercruysse Murray & Calzone, P.C.  
                                            31780 Telegraph Road, Ste. 200  
                                            Bingham Farms, MI 48025-3469  
                                            waltman@vmclaw.com  
                                            (248) 540-8019