**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NEW WORLD SYSTEMS CORPORATION,**

    **Plaintiff,**

                                        **Case No. 06-11603**

**v.**

                                        **HONORABLE DENISE PAGE HOOD**

**CHAUNCEY JONES** and
**TYLER TECHNOLOGIES, INC.,**

    **Defendants.**

_____/

**<u>ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION</u>**

**I.  INTRODUCTION**

       This matter is before the Court on Defendants' Emergency Motion for Reconsideration filed on May 8, 2006.

       In their Motion, Defendants ask this Court to reschedule the hearing on Plaintiff's Motion for Preliminary Injunction as to the enforcement of the Non-Competition provision of the Employment Agreement between Plaintiff and Defendant Jones to a date and time following the expedited discovery period.

       For the reasons stated herein, this Court DENIES Defendants' Emergency Motion for Partial Reconsideration.

**II.  BACKGROUND & PROCEDURAL HISTORY**

       In its May 5, 2006 Memorandum Opinion and Order, this Court granted in part and denied in part Defendant's Motion for Expedited Discovery.

       In their Motion for Reconsideration, Defendants claimed that: (1) in order to prepare for a

hearing on Plaintiff's Motion for Preliminary Injunction as to the enforcement of the Non-Competition provision of the Employment Agreement between Plaintiff and Defendant Jones, the Defendants must "mirror" the hard drive upon which Plaintiff's Motion is based; (2) at the earliest, Defendants will be able to mirror the hard drive on Tuesday, May 9, 2006, and thus the expedited discovery period would conclude on May 23, 2006; and (3) although the expedited discovery period permitted by the Court will last through May 23, 2006, the Court scheduled a hearing on Plaintiff's Motion for a Preliminary Injunction on May 15, 2006, eight days before the expedited discovery period will end.

## III.  STANDARD OF REVIEW

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration.  *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

## IV.  APPLICABLE LAW & ANALYSIS

Defendants acknowledge that Plaintiff's motion for Preliminary Injunction and Other Relief is divided into separate parts addressing a non-competition provision in Defendant Jones' Employment Agreement with Plaintiff and the utilization and disclosure of Plaintiff's proprietary

2

and confidential materials by Defendant Jones and Defendant Tyler. (Defs.' Emergency Mot. for Partial Recons. at 1). Defendants argue that the Plaintiff's Motion is based almost entirely on a report allegedly obtained from Digital Forensics Corporation [hereinafter "DFC"], relating to a review of a laptop computer previously assigned to Defendant Jones by Plaintiff. (Defs.' Emergency Mot. for Partial Recons. at 1). Defendants contend that Plaintiff's Motion makes clear that the separate parts of its Motion depend upon the contents of the laptop's hard drive and it is not possible to divorce the hearing on non-competition from the hearing on confidentiality because they both rely on the same evidence. (Defs.' Emergency Mot. for Partial Recons. at 2). Defendants assert that the preliminary injunction hearing must follow the expedited discovery period so that the Court and the parties will be fully informed on the issues to be determined. (Defs.' Emergency Mot. for Partial Recons. at 2).

In Plaintiff's Motion for Preliminary Injunction and Other Relief, Plaintiff argues that it would suffer immediate and irreparable harm if Defendant Jones violated the non-competition provision of the Employment Agreement. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 7). Plaintiff contends that it is entitled to the benefit of its bargain which prevents Defendant Jones from competing within four years of leaving the company and that his employment with Defendant Tyler is in clear contravention of the Employment Agreement. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8).

The Defendants have not demonstrated that this Court hearing Plaintiff's Motion for Preliminary Injunction as to the enforcement of the Non-Competition provision of the Employment Agreement between Plaintiff and Defendant Jones should not be heard until Defendants have completed their expedited discovery. Any discovery based upon the information contained on

3

Defendant Jones' laptop computer would be relevant to the utilization and disclosure of Plaintiff's proprietary and confidential materials by Defendant Jones and Defendant Tyler. This issue contained in Plaintiff's Motion for Preliminary Injunction and Other Relief will not be heard at the hearing on March 15, 2006.

Accordingly,

IT IS ORDERED that Defendants' Emergency Motion for Partial Reconsideration **[Docket No. 14, filed May 8, 2006]**, is DENIED.

                    s/ DENISE PAGE HOOD
                    DENISE PAGE HOOD
                    United States District Judge

DATED:  May 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2006, by electronic and/or ordinary mail.

                    s/William F. Lewis
                    Case Manager