UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

   Plaintiff,         Case No. 06-11603
                  Honorable Denise Page Hood

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

   Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
<u>**REGARDING CONFIDENTIALITY**</u>

  UPON THE STIPULATION AND AGREEMENT of the undersigned, and the Court being fully advised in the premises, now therefore:

  IT IS HEREBY ORDERED AS FOLLOWS:

  1.  <u>**Attorneys' Eyes Only Information**</u>

  The information obtained by examining and copying computer hard drives in this matter is hereby designated as "Attorneys' Eyes Only Information."

  2.  <u>**Filing Confidential Information With The Court**</u>

  All Attorneys' Eyes Only Information, or any pleadings or memoranda or other documents purporting to reproduce, summarize or paraphrase either category of

information shall, when filed with the Court be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word or "ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> Filed pursuant to Protective Order by [name of filing party]. Not to be opened or the contents revealed except: (1) to the Court and then resealed; (2) by written agreement of all the parties; or (3) by Order of the Court.

**3.     Person Who May Receive "Attorneys' Eyes Only" Information**

The only persons to whom Attorneys' Eyes Only Information may be disclosed are:

(a)     Counsel for either party (and their staffs) to this proceeding, excluding in-house counsel for the corporate parties;

(b)     Consulting or testifying expert witnesses involved in the collection and interpretation of the Attorneys' Eyes Only Information; and

(c)     Any person upon the written agreement of the attorneys for the Parties, or upon Order of the Court as provided in section 4 below.

No Attorneys Eyes Only Information may be disclosed, either directly or indirectly, except by prior written approval of the Parties or pursuant to an Order of this Court.

**4.     Issue of Confidentiality**

If any party to the proceeding believes that designated Attorneys Eyes Only Information should not be subject to this Order, the party may provide written

notification to the other party. The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Order. The party giving such notice shall not bring a motion seeking an Order of this court that the designated Attorneys' Eyes Only Information is not properly subject to this Order for seven (7) days following the facsimile transmission of a copy of such notice by the objecting party. Thereafter, the party contending the information is not subject to this Order may bring a motion seeking an Order of this Court that the designated information is not properly subject to this Order. If such a motion is brought, the information at issue shall remain subject to this Order until the Court makes its determination. At the time for hearing any such motion, the party seeking to maintain the information as "Attorneys' Eyes Only" shall have the burden of going forward with evidence to show that the information so designated should come within the protection of this Order. Any hearing on such motion may be heard <u>in camera</u> by the Court.

    **5.**    **<u>Amendments of Order</u>**

Any party may move for relief from, or general or particular modification of, the mechanism and need for maintaining confidentiality provided in this Order or the application of this Order. This Order may be amended with leave of Court by the written agreement of counsel for the parties to this agreement and any pertinent third parties in the form of a stipulation.

    **6.**    **<u>Duration of Order</u>**

This Order is intended to regulate the handling of Attorneys' Eyes Only Information during the entirety of this proceeding and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to this proceeding and any pertinent third parties or by Order of the Court. This Order shall become effective as between the parties when executed, with or without the Court's entry of same. Further, at the trial or hearing in this proceeding and any hearing or other event at which any Attorneys' Eyes Only Information is being presented, such information shall considered <u>in camera</u>, under seal, or under such other conditions and safeguards as the Court may impose to protect against disclosure. If any member of the public or a party objects to such, the Court will make an initial determination as to whether confidential information is likely to be disclosed.

### 7. **Continued Jurisdiction**

The parties and all persons subject to the terms of this Order agree that this Court shall retain jurisdiction, after this action has terminated, for the purpose of enforcing this Order.

### 8. **Miscellaneous**

(a) The information protected by this Order is the substance of the Attorneys' Eyes Only Information, no matter what form the information is in and no matter how the information might be communicated. The parties do not intend to in any way waive and hereby expressly reserve their right to assert and preserve the confidentiality

of any information disclosed in this proceeding that is not designated as Attorneys' Eyes Only Information pursuant to this Order.

(b) Nothing in this Order will prevent either party from using their own documents as they see fit.

(c) Recipients of Attorneys' Eyes Only Information pursuant to this Order shall exercise reasonable and appropriate care with regard to both types of information to ensure that the confidential nature of the same is maintained.

(d) In the event any person in receipt of Attorneys' Eyes Only Information shall receive a written or oral request, subpoena, or court order seeking disclosure or another party's Attorneys' Eyes Only Information, such person shall immediately upon receipt of such request, subpoena, or court order notify counsel for the party that produced the information of the request, subpoena or court order and shall provide a copy of the same.  Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's Attorneys' Eyes Only Information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information.

(e) If Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

(f) This Order is made to facilitate discovery and the production of discoverable evidence in this action. Neither the entry of this Order, the designation of any information Attorneys' Eyes Only Information under the Order, the failure to make such designation, or the failure to object to such designation by either party shall constitute evidence with respect to any issue in this litigation. This Order shall not abrogate or diminish any contractual, statutory or other legal right or obligation any party may have with respect to information disclosed in this matter.

(g) Within sixty (60) days of final termination of this action and except as may be required by subpoena or court order, each party or other individual that received Attorneys' Eyes Only Information subject to this Order shall be under an obligation to assemble and return to the disclosing party, or to destroy, should the disclosing party so permit, all Attorneys' Eyes Only Information obtained from the disclosing party, including any and all copies thereof. The receiving party shall provide written notice of the return or destruction of any such Attorneys' Eyes Only Information, and the disclosing party shall issue written acknowledgment of the same. Notwithstanding the foregoing provisions of this Paragraph, counsel of record for each party shall be entitled to retain all memoranda prepared by them which contains Attorneys' Eyes Only Information, and litigation documents containing Attorneys' Eyes Only Information which became part of the record in this action, including pleadings, briefs, and exhibits, but such memoranda and litigation documents shall be used only for the purpose of preserving a record of the action and shall not, without the written permission of the opposing party or an order of this Court, be used for any other purpose.

(h)     Any party or person who knowingly violates this Order may be held in contempt of this Court.  The Court and parties preserve the right to order or seek and award of such other relief as is appropriate for such disclosure.

IT IS SO ORDERED.


Dated: May 15, 2006                             s/ DENISE PAGE HOOD
                                                U. S. DISTRICT COURT JUDGE


Approved:

s/Ralph R. Safford by Daniel J. Bernard with permission
Ralph R. Safford (P24633)
SAFFORD & BAKER, PLLC
40900 Woodward Avenue, Suite 275
Bloomfield Hills, MI  48304
(248) 646-9100
rsafford@saffordbaker.com
Attorneys for Plaintiff

s/Daniel J. Bernard
Daniel J. Bernard (P34225)
VERCRUYSSE MURRAY & CALZONE PC
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025
(248) 540-8019
dbernard@vmclaw.com
Attorneys for Defendants