# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

                           Plaintiff,          Case No. 2:06-cv-11603
                                              Hon. Denise Page Hood
v.

CHAUNCEY JONES and TYLER          Magistrate Judge Virginia M. Morgan
TECHNOLOGIES, INC.,

                    Defendants.

---

SAFFORD & BAKER, PLLC                VERCRUYSSE, MURRAY & CALZONE, PC
Ralph R. Safford (P24633)            Daniel J. Bernard (P34225)
Mary Ann Hart (P48994)               William E. Altman (P52788)
Attorneys for Plaintiff              Attorneys for Defendants
40900 Woodward Avenue, Suite 275     31780 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48304     Bingham Farms, Michigan 48025
(248) 646-9100                       (248) 540-8019

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000

---

# SUPPLEMENT TO BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
# FOR PRELIMINARY INJUNCTION AND OTHER RELIEF

Plaintiff New World Systems Corporation ("New World") supplements its *Motion for Preliminary Injunction and Other Relief* in order to bring to this Court's attention facts that have arisen since the hearing held by this Court on May 15, 2006.

For a number of years, New World has been working to sell its finance and management software system to the City of North Miami, Florida.  Assigned to Defendant Chauncey Jones during his tenure at New World, the North Miami account is sizeable and represented a significant opportunity for New World.  **Ex. 1**, Lewis Affidavit, ¶ 3.

In the summer of 2004, Defendant Chauncey Jones reported on his progress to Robert Lewis, New World's Vice President of Sales.  Jones informed Lewis that Carlos Perez, North Miami's finance director, had told him that New World was the preferred vendor for the city's new software system and that Perez would use New World's proposal in his presentation to the City Council requesting funding.  **Ex. 1**, Lewis Affidavit, ¶ 4.

The City Council finally approved the funding for North Miami's new software system in September 2005.  During the fall of 2005, Jones and Lewis met with Perez and Hortensia Machado, North Miami's Director of Information Services.  During the meeting, Perez and Machado stated that North Miami continued to prefer New World over its competitors.  **Ex. 1**, Lewis Affidavit, ¶ 5.

New World terminated Jones' employment in January 2006.  After being hired by Defendant Tyler, Jones sent Perez an e-mail introducing himself as the new Tyler representative. In the e-mail, Jones explained that he could sell both Tyler's MUNIS software and its Eden software. *Brief in Support of Motion for Preliminary Injunction*, Ex. 5, Snow Affidavit, Ex. G.

Lewis subsequently took New World's new Florida representative to introduce him to Perez, Machado, and other members of North Miami's management team.  During the visit,

Perez was markedly less enthusiastic about New World than he had been in previous meetings. Perez told Lewis that Jones had been instrumental in making New World the preferred vendor for North Miami's new software system.  **Ex. 1**, Lewis Affidavit, ¶ 7.

In March 2006, North Miami formally solicited proposals for the provision of its new software system, and New World submitted a proposal.  On June 12, 2006, North Miami notified New World that it had not made the list of finalists.  The remaining candidates are MUNIS, Eden, and Cogsdale.  **Ex. 1**, Lewis Affidavit, ¶¶ 8–10, 12.

Thus, New World went from being North Miami's preferred vendor in the fall of 2005 to failing to make its list of finalists for its new software system in the spring of 2006.  One of North Miami's decision makers explicitly told Lewis that Jones had played a key role in making New World the preferred vendor for its new software system.  Two of the three finalists for the account are Tyler entities, represented by Jones.

The above facts corroborate New World's need for a preliminary injunction to enforce the non-competition provision of the Employment Agreement.  New World supported Jones for years as he developed and maintained relationships with North Miami's administrators.  Because Jones has blatantly breached, and continues to breach, the provision barring him from competing with New World, Jones has now been able to use these relationships to secure benefits for one of New World's competitors.

Moreover, New World has legitimate concerns that Jones is maligning it as he solicits sales for Tyler.  While New World does not secure every account that it solicits, it is extremely unusual for New World to be completely omitted from the list of finalists for accounts comparable to North Miami.  **Ex. 1**, Lewis Affidavit, ¶ 13.

2

In sum, New World has suffered, and continues to suffer, immediate and irreparable harm because of Jones' violation of the non-competition provision of the Employment Agreement. Defendants should not be allowed to profit from Jones' continued breach of his contractual obligations. This Court should enter a preliminary injunction prohibiting Jones from violating the non-competition provision of the Employment Agreement.

SAFFORD & BAKER, PLLC

Dated: July 21, 2006               By:   s/*Mary Ann Hart*
                                         Ralph R. Safford (P24633)
                                         Mary Ann Hart (P48994)
                                         Attorneys for Plaintiff

                                         Claudia V. Babiarz (P36230)
                                         Co-Counsel for Plaintiff

---

**PROOF OF SERVICE**

   I hereby certify that on **July 21, 2006**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Daniel J. Bernard and William E. Altman.

                        s/Mary Ann Hart (P48994)
                        Safford & Baker, PLLC
                        40900 Woodward Avenue, Suite 275
                        Bloomfield Hills, Michigan 48304
                        (248) 646-9100
                        mhart@saffordbaker.com