UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW WORLD SYSTEMS CORPORATION,

        Plaintiff,

vs.

CHAUNCEY JONES and
TYLER TECHNOLOGIES, INC.,

        Defendants.

Case No. 06-11603
Honorable Denise Page Hood

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## CERTIFICATE OF SERVICE

**VERCRUYSSE MURRAY & CALZONE, P.C.**
**Daniel J. Bernard (P34225)**
    dbernard@vmclaw.com
**William E. Altman (P52788)**
    waltman@vmclaw.com
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
(248) 540-8019
**Attorneys for Defendants**

As part of its effort to obtain unwarranted injunctive relief, Plaintiff New World Systems has filed a supplemental brief describing events occurring in Florida in June of this year. The brief does nothing to advance New World's request for injunctive relief, but it clearly supports and confirms the need for a change of venue, as sought by Tyler Technologies and Chauncey Jones.

New World Systems sued its former employee, Chauncey Jones, and Jones' new employer, Tyler Technologies, Inc., alleging that Jones has breached his employment agreement. New World and Tyler compete in providing software applications and support to governmental agencies.

New World's supplemental brief centers on the City of North Miami, Florida. In June, North Miami announced a list of finalists it would consider for providing technology services to the city. New World is not a finalist, despite allegedly being told in 2004 that it was a "preferred" vendor for the city. (Plaintiff's supplemental brief at 1). Lacking any factual basis whatsoever, New World attributes its failure to be a finalist to its conclusion that, since it is "extremely unusual for New World to be completely omitted from the list of finalists for accounts comparable to North Miami," it must follow that Jones is "maligning" New World. (Id. at 2).

New World's version of the North Miami situation is grossly misstated and omits key facts:

- New World may have been considered a "preferred vendor" in 2004, but North Miami solicited bids in 2006. During the intervening period, the city solicited input from all of its departments, significantly broadening the requirements for its software systems. New World was simply unable to meet these requirements.

- New World admits that Jones was instrumental in making New World a preferred vendor in 2004 (Id. at 2), and that the city's representative was "markedly less enthusiastic" after New World fired Jones. (Id.). This, of course, was neither Jones's nor Tyler's fault.

1

- Critically, New World omits the fact that North Miami engaged the services of the Florida League of Cities as a consultant to manage the entire bidding process. Thus, North Miami had the benefit of an independent consultant, and there is no suggestion that Jones or Tyler did anything improper.

- New World is not a finalist for the North Miami contract because its products do not have the required functionality. This is the reason why, while Jones was employed at New World, Tyler successfully obtained approximately 50 new accounts in Florida, while New World was able to garner only three, and only one of those three involved a request-for-proposal (RFP) process.

- As demonstrated by the North Miami RFP process, administered in consultation with the Florida League of Cities, and by the historical record, New World is simply not able to compete successfully for business, with or without Chauncey Jones. This litigation is intended to substitute for the ability to compete.

Equally important, New World's supplemental brief supports and corroborates Defendants' motion to transfer venue. New World's description of the events identifies, as possible witnesses, Carlos Perez and Hortensia Machado of North Miami, "other members of North Miami's management team," New World's "new Florida representative," and Chauncey Jones. All of these witnesses are located in Florida, as are all of the documents pertaining to the North Miami project. This supports moving the case to Florida, since such a transfer would serve the convenience of the witnesses, improve access to sources of proof, make available process to compel attendance of witnesses, reduce the cost of obtaining witnesses, and reduce the expense and expeditiousness of trying the matter.

### Conclusion

New World cannot link its failure to make the North Miami finalists list to any action by Jones or Tyler. Its brief engages in pure speculation while omitting key facts about the North Miami RFP process. New World has not and cannot demonstrate that Defendants had anything to

2

do with New World not being a finalist, and it has not attempted to demonstrate that it would have been a finalist but for the mere presence of Tyler.

As futile as Plaintiff's brief is in providing any basis for injunctive relief, it does further demonstrate the need for a change of venue. Plaintiff identifies a number of witnesses who live and work in Florida, whose testimony will be key to understanding the events surrounding the North Miami project. These witnesses have counterparts in every city in Florida where Plaintiff alleges it is competing for business. For the convenience of the witnesses, access to sources of proof, the availability of process to compel attendance of witnesses, the cost of obtaining witnesses, and the expense and expeditiousness of trying the matter, Plaintiff's supplemental brief shows clearly the advisability of transferring venue to Florida.

For the foregoing reasons and for the reasons stated in their previous briefs, Defendants request that this Honorable Court deny Plaintiff's motion for preliminary injunction and order this action be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(a) and 1406(a) or, alternatively, dismiss this action against Defendant Chauncey Jones for lack of personal jurisdiction.

Respectfully submitted,

**VERCRUYSSE MURRAY & CALZONE, P.C.**

By: s/Daniel J. Bernard
Daniel J. Bernard (P34225)
William E. Altman (P52788)
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025-3469
(248) 540-8019
Attorneys for Defendants

Dated: August 14, 2006

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, Defendants' Response To Plaintiff's Supplemental Brief Regarding Plaintiff's Motion For Preliminary Injunction was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Ralph R. Safford and Mary Ann Hart</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>none.</u>

/s/ Daniel J. Bernard
Daniel J. Bernard (P34225)
Vercruysse Murray & Calzone, P.C.
31780 Telegraph Road, Ste. 200
Bingham Farms, MI 48025-3469
dbernard@vmclaw.com
(248) 540-8019