**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NEW WORLD SYSTEMS CORPORATION,**

        **Plaintiff,**

                                            **Case No. 06-11603**

**v.**

                                          **HONORABLE DENISE PAGE HOOD**

**CHAUNCEY JONES** and **TYLER**
**TECHNOLOGIES, INC.,**

        **Defendants.**

_____/

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO CHANGE VENUE OR TO DISMISS ACTION**
**AND DENYING MOTION FOR PRELIMINARY INJUNCTION**
**and**
**NOTICE OF STATUS CONFERENCE**

**I.     INTRODUCTION**

This matter is before the Court on Defendants' Motion to Change Venue or, Alternatively, to Dismiss this Action against Defendant Chauncey Jones filed April 21, 2006 and Plaintiff's Motion for Preliminary Injunction filed on April 26, 2006.  Briefs have been filed and oral arguments held on the motions.

Plaintiff New World Systems Corporation [hereinafter "Plaintiff"] alleges seven counts in its First Amended Complaint filed May 10, 2006 against Defendants Chauncey Jones and Tyler Technologies, Inc. [hereinafter "Defendant Jones or Defendant Tyler, or, collectively, Defendants"]. They are: Breach of Non-Competition Covenant against Defendant Jones (Count I); Breach of Non-Disclosure Covenant against Defendant Jones (Count II); Tortious Interference with Contractual Relations against Defendant Tyler (Count III); Violation of the Michigan Uniform Trade Secrets

2:06-cv-11603-DPH-VMM   Doc # 25   Filed 04/14/09   Pg 2 of 24   Pg ID 392

Acts against Defendants Jones and Tyler (Count IV); Unfair Competition against Defendants Jones and Tyler (Count V); Violation of the Computer Fraud and Abuse Act against Defendants Jones and Tyler (Count VI); and Injunctive Relief against Defendant Jones and Tyler (Count VI (sic)).

For the reasons stated herein, this Court DENIES Defendants' Motion to Change Venue or, Alternatively, to Dismiss this Action against Defendant Chauncey Jones and GRANTS Plaintiff's Motion for Preliminary Injunction.

## II. BACKGROUND/FACTS

Plaintiff is a Michigan corporation which maintains its principal place of business in Troy, Michigan. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Plaintiff is a public sector software company that develops integrated software solutions for state and local governments. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Defendant Jones is a citizen and resident of Hillsborough County, Florida. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 1). Defendant Tyler is a Delaware corporation with its principal place of business in Dallas, Texas. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 1).

Defendant Jones was employed by Plaintiff as a sales representative from September 21, 1998 to January 2006. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Plaintiff assigned Defendant Jones to solicit sales of Plaintiff's products and services in Florida, Alabama, South Carolina, and Mississippi. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Plaintiff and Defendant Jones entered into an Employment Agreement. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). The Employment Agreement contains a Non-Competition provision. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). The Non-Competition

2

provision states:

> During the term of this Agreement and for a period of two (2) years
> from the date of termination of employment, the Employee will not
> directly or indirectly compete with New World in any state within the
> United States in which New World Systems has an existing Customer
> determined as of the date of termination (the "Non-Competition
> Period").

> In the event the Employee has been employed at any management
> level for a period of at least six (6) months at the time of termination
> and has been employed by New World in any capacity for a period
> of at least four (4) years or more at the time of termination, then the
> Non-Competition Period shall be four (4) years from the date of
> termination.

> If the Employee has been employed by New World in any capacity
> for a period of six (6) years or longer at the time of termination, then
> the Non-Competition Period shall be four (4) years from the date of
> termination.

> The Employee understands the increase in the non-compete period
> from two (2) years to four (4) years applies to him/her without any
> further notification provided the Employee's status at New World
> falls within either one of the two four-year provisions set forth in this
> paragraph above.

(Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 1).

The Employment Agreement also contains a Non-Disclosure provision. (Pl.'s Mot. for

Preliminary Injunction and Other Relief at 1). The Non-Disclosure provision states:

> Except as specifically required as an Employee, both during and after
> the term of this Agreement, Employee shall not directly or indirectly
> use, disclose or distribute information or property held confidential
> by New World including, without limitation, contracts, proprietary
> information, trade secrets, Customer lists, prospect lists, employee
> lists, business practices, methods, inventions, discoveries, mailing
> lists, pricing information, sales records, price lists, contracts,
> forecasts, computer programs, formulas, technical information,
> and/or other tangible or intangible property relating to New World's
> business. This restriction on non-disclosure or use, includes, without
> limitation, the distribution, disclosure or use of any information,

3

> knowledge and/or data the Employee receives or develops during
> his/her term of employment, which information, knowledge, and/or
> data are considered proprietary or confidential by New World or
> which relate to the trade secrets of New World.

(Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 1).

Plaintiff provided Defendant Jones with a company laptop computer. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Pursuant to Paragraph I of the General Terms and Conditions of Employment section of the Employment Agreement, upon termination of his employment, Defendant Jones was obligated to deliver to Plaintiff all of Plaintiff's property and confidential information in his possession. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1). Plaintiff alleges that it provided Defendant Jones with confidential information to assist him in his sales position. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2). Defendant Jones was given access to Plaintiff's ACT! Marketing database, which contains Plaintiff's accumulation of information on customers and prospects. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2). Plaintiff also provided Defendant Jones with Price Lists and a Sales Playbook. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2).

On January 6, 2006, Plaintiff notified Defendant Jones that it was terminating his employment on January 13, 2006, and requested the immediate return of all of Plaintiff's property. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2). Plaintiff alleges that despite repeated requests from Plaintiff, Defendant Jones failed to turn in his company laptop computer, Price List, Sales Playbook, and other property. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2).

Plaintiff learned in early March 2006 that Defendant Jones had obtained employment with Defendant Tyler. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2). Defendant Jones was employed by Defendant Tyler in a sales position that encompasses Florida, Alabama, and

4

Tennessee.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2).  Plaintiff alleges that Defendant Tyler is a direct competitor of Plaintiff.  Plaintiff alleges that Defendant Jones' sales territory includes many of the same customers and prospects that he previously solicited on behalf of Plaintiff.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2).

Letters were sent to Defendant Tyler dated March 8 and March 16, 2006 from Plaintiff notifying Defendant Tyler of the existence of the Non-Competition and Non-Disclosure provisions of the Employment Agreement entered into by Plaintiff and Defendant Jones. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 2-3).  Plaintiff informed Defendant Tyler that Defendant Jones failed to return the laptop computer and other materials in his possession to Plaintiff.  Plaintiff also informed Defendant Tyler that it considered Defendant Jones' employment with Defendant Tyler to be a violation of the Non-Competition provision of the Employment Agreement. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).

Defendant Tyler responded to Plaintiff in a letter dated March 23, 2006.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).  Defendant Tyler stated that it was not aware of Defendant Jones' retention of the laptop computer and Plaintiff's other property.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).  Defendant Tyler stated that Defendant Jones was instructed to return Plaintiff's property.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).

Upon receipt of the laptop from Defendant Jones, Plaintiff retained the services of Digital Forensics Corporation [hereinafter "DFC"] to examine Defendant Jones' laptop computer.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).  Although DFC's investigation is not complete, Plaintiff alleges that DFC has discovered that approximately 3,000 files were deleted from

the laptop between March 20 and 23, 2006, and that many of these files appear to be related to Plaintiff's business.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 3).

## III.   ANALYSIS

### A.   Defendants' Motion to Change Venue

#### 1.   28 U.S.C. § 1404

A civil action may be transferred from one district court to another pursuant 28 U.S.C. § 1404:

> (a) For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Verve, L.L.C. v. Becton Dickinson & Co.*, No. 01-CV-74134-DT, 2002 WL 551031, at *1 (E.D. Mich. March 29, 2002).

The determination of whether a case should be transferred involves a balancing of the following factors:  (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to sources of proof; (4) availability of process to compel attendance of witnesses; (5) costs of obtaining witnesses; (6) expense and expeditiousness of trying matter; (7) interests of justice.  *Id.* (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393 (E.D. Mich. 1994)).

#### 2.   Convenience of the Parties

Regarding the parties' convenience, courts grant substantial deference to a plaintiff's chosen forum, especially where the plaintiff lives in his chosen jurisdiction.  *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) (citing *Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999)).  A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for change of venue.  *Id.* (citing *Kepler*, 860 F.Supp. at 399).

6

Defendants assert that Defendant Jones lives in Florida and Defendant Tyler is a Delaware corporation headquartered in Texas. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 5). Defendants argue that Plaintiff is the only party located in Michigan and that there is no forum selection clause in the employment agreement underlying the instant matter. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 5). Defendants contend that all of the conduct that is indicated in Plaintiff's Complaint allegedly transpired in Florida. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 5). Defendants argue that all of the witnesses of the alleged conduct are located in Florida and other southeastern states. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 6). Defendants contend that the only specific incident indicated in Plaintiff's Complaint allegedly occurred in Palm Beach, Florida and was witnessed by an employee of Plaintiff. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 6).

Plaintiff, while acknowledging that Defendant Jones lives in Florida, and that Defendant Tyler's principal place of business is in Texas, asserts that Plaintiff is headquartered in Michigan. Defendant Tyler's MUNIS Division which employs Defendant Jones is based in Falmouth, Maine. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5). Plaintiff argues that Defendants' assertion that all of the witnesses in this action are located in Florida and other southeastern states is not accurate and that the relevant party witnesses for Plaintiff are located in Michigan and the relevant party witnesses for Defendant Tyler are located in Texas and/or Maine. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5). Plaintiff contends that while Defendant

7

Tyler does conduct business in Florida, Defendant Tyler also conducts business in all fifty states, and that Defendant Tyler maintains a regional office in Ann Arbor, Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5). Plaintiff also asserts that Defendant Tyler does not maintain a regional office in Florida. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5). Plaintiff contends that while transferring venue would be more convenient for Defendant Jones, the transfer would be of no consequence to Defendant Tyler and much less convenient to Plaintiff. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5).

Based upon the above circumstances, although it may be convenient to the individual Defendant Jones to change the venue to Florida, the Court concludes that as to Defendant Tyler, the convenience of the parties factor does not weigh strongly in favor of the Defendants. *See Thomas*, 131 F. Supp. 2d at 937.

### 3.     Convenience of the Witnesses

The party seeking to transfer the case should specify the key witnesses to be called and the nature of their testimony. *Verve, L.L.C.*, 2002 WL 551031, at *2. (citing *SEC v. Savoy Indus.*, 587 F.2d 1149 (D.C.C. 1979)). Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Thomas*, 131 F. Supp. 2d at 937. (citing *Hunt v. TACA Int'l Airlines, S.A.*, No. 93-3723, 1994 WL 285023, at *2 (E.D. La. June 22, 1994)). In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses. *Id*. (citing *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d

8

1101, 1105 (S.D. Tex. 2000)).  One chief witness's convenience, in fact, may outweigh the convenience of other less significant witnesses.  *Id.*  This is why the parties should provide each witness's name and an outline of what material testimony that witness would provide.  *Id.* (citing *Firkus v. Soo Line R.R. Co.*, No. 96 C 3714, 1996 WL 568803, at *3 (N.D. Ill. Oct. 2, 1996)).  Only when the Court is armed with such information can it properly assess the convenience of the witnesses.

Plaintiff states in its Complaint that Defendant Jones violated his employment agreement by "calling on many of the same customers and prospective customers for Defendant Tyler that he called on as a sales representative for Plaintiff."  (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 6).  Defendants argue that all of the discovery in the matter will turn upon whom Defendant Jones solicited in Florida, Alabama, South Carolina, Mississippi, Georgia, and North Carolina and not Michigan.  (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 6).  Defendants contend that since the conduct alleged in Plaintiff's Complaint occurred in Florida and other southeastern states, the only witnesses to that conduct are located in those states.  (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 6).

Plaintiff asserts that there is no apparent need to call any of the customers of prospects of Plaintiff and Defendant Tyler.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 5).  Plaintiff argues that even if it does become necessary to call any of the customers or prospects of Plaintiff and Defendant Tyler, such witnesses are located in multiple jurisdictions, including Alabama, South Carolina, Mississippi, Georgia and North Carolina.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this

Action Against Def. Chauncey Jones at 6).  Due to this fact, whether the trial is held in Michigan or Florida, third party witnesses would be required to travel.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 6).  Plaintiff contends that it is likely that if the participation of non-party witnesses is required, the parties will depose them and use the deposition transcripts at trial, whether the case is tried in Florida or Michigan.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 6).  Plaintiff asserts that since many of Plaintiff's claims concern Defendant Jones' alleged misappropriation and disclosure of Plaintiff's confidential information, the central third-party witness would be Plaintiff's computer forensic expert.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 6).  This third-party witness is located in Michigan.  (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 6).

Defendants have not identified any witnesses other than Defendant Tyler that reside in Florida.  Defendants have also not provided this Court with a list of witnesses' names and an outline of what material testimony those witnesses would provide.  This Court finds Plaintiff's argument persuasive that the parties would hesitate to call current or prospective customers in this case as it could potentially be an imposition to the clients of both parties.  The clients appear to be located in states other than Florida.  In any event, Defendants have the burden of persuasion, and without a specific list of witnesses' names and an outline of what material testimony the witnesses would provide, this Court cannot properly assess the convenience of the witnesses.  The convenience of witnesses factor does not weigh in Defendants' favor.

**4.      Ease of Access to Sources of Proof**

10

Defendants argue that Plaintiff's Complaint is devoid of any operative facts in Michigan. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 7).

Plaintiff argues that Plaintiff's executive personnel and corporate records are located at its headquarters in Troy, Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 6-7). Plaintiff also asserts the Defendant Jones' laptop computer and files returned by Defendant Jones to Plaintiff and Plaintiff's forensic expert examining the computer are located in Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7).

The ease of access to these sources of proof during litigation is highly contingent upon the location of Plaintiff's principal place of business. Plaintiff is headquartered in Troy, Michigan, so this factor favors Plaintiff. *See Verve, L.L.C.*, 2002 WL 551031, at *3.

### 5.      Availability of Process to Compel Attendance of Witnesses

Defendants argue that a trial in this matter will require compelling the attendance of witnesses from Florida, Alabama, South Carolina, Mississippi, Georgia, and North Carolina. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 8). Defendants assert that the Eastern District of Michigan does not have the subpoena power over any likely non-party witnesses in this case. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 8).

Plaintiff asserts that the need for any party to call as a witness the customers or prospects of either party is not inevitable as the relevant information will be obtainable through the parties' own records. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action

11

Against Def. Chauncey Jones at 7). Plaintiff argues that if it should be necessary to call such witnesses, none of the third-party witnesses located outside of the State of Florida are within the judicial reach of the Middle District of Florida. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7). Plaintiff contends that the only potential Florida witnesses that have been identified are Defendant Jones and Plaintiff's employees. Plaintiff argues that its employees' testimonies are not likely to be needed given Defendants' admission that Defendant Jones is employed with Defendant Tyler's MUNIS Division. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7). Plaintiff points out that calling Defendant Jones and Plaintiff's employees as witnesses does not require the exercise of a court's subpoena power to compel their appearance. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7).

Defendants have not indicated any specific witnesses that demonstrate that it is likely that an inability to procure their presence at trial due to unavailability of process would work a hardship upon them. *See Verve, L.L.C.*, 2002 WL 551031, at *3. As argued by Plaintiff, if non-party witnesses outside Florida are to be called as witnesses, the Florida courts also do not have subpoena powers as to these witnesses as well. The availability of process to compel attendance of witnesses factor does not weigh in favor of Defendants.

### 6.    Costs of Obtaining Witnesses

Defendants argue that all of the likely witnesses in this case and the only witness referenced in Plaintiff's Complaint are located in Florida and other southeastern states. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9). Defendants

12

assert that even if the parties were able to persuade those witnesses to travel to Michigan for discovery and trial, the cost to travel to Michigan far exceeds travel within the Middle District of Florida, and the travel to the Middle District of Florida from other southeastern states. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9). Defendants argue that the cost of obtaining witnesses dictates that this matter must be transferred to the Middle District of Florida. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9).

Plaintiff asserts that Plaintiff's executive personnel are located in Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7). Plaintiff contends that Defendant Tyler's executives who are likely to be called as witnesses, Robert Sansone, Skip Welch, Jim Hurley, Dick Peterson, John Marr, Jr., appear to be located in Maine. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7). Plaintiff argues that the expense of producing these witnesses in Michigan and Florida is not likely to differ significantly. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 7).

Defendants have failed to provide any information of any potential witnesses in Florida other than Defendant Jones. Plaintiff has identified various Defendant Tyler executives who are located in Maine. The costs of obtaining witnesses factor does not favor Defendants.

## 7.    Expense and Expeditiousness of Trying Matter

Defendants assert that the expense and time involved in trying this case in Michigan far exceeds the expense and time involved in trying this case in the Middle District of Florida. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9).

Defendants contend that if this case is tried in Michigan, it will involve discovery extensions to allow time to travel to locate witnesses in Florida and other southeastern states. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9). Defendants argue that a Michigan trial in this matter will also be costly and time consuming because the parties will have to allow additional time for witnesses to travel to Michigan from Florida and the other southeastern states in which they live, as well as expend substantial amounts for travel and accommodations for such witnesses during the trial. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 9-10).

Plaintiff argues that the mere possibility that some discovery from customers and prospects is insufficient to establish that Florida is a more convenient forum than Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 8).

Defendants have not provided an estimate showing that the time and expense of litigating the case in Michigan far exceeds the time and expense of litigating the case in Florida. Defendants have not provided this Court with a list of witnesses that they intend to call who are located in Florida other than Defendant Jones. As previously noted, many of Defendants' own witnesses, other than Defendant Jones, reside in Maine, Texas or other southern States outside Florida. The expense and expeditiousness of trying this matter in Florida does not weigh in favor of Defendants.

### 8.    Interests of Justice

Defendants contend that Plaintiff's Complaint does not allege any operative facts that occurred in Michigan. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 10). Defendants argue that the sole basis for Plaintiff's assertion of

14

venue in the Eastern District of Michigan is its reliance on the employment agreement with Defendant Jones and its provision that states that Defendant Jones is subject to jurisdiction in Michigan. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 10). Defendants assert that all of the Defendants, all of the witnesses, all of the evidence, and all of the alleged conduct are in Florida and other southeastern states. (Defs.' Mot. to Change Venue or, Alternatively, to Dismiss this Action against Def. Chauncey Jones at 10-11).

Plaintiff contends that Defendant Jones agreed both that the Employment Agreement would be governed by Michigan law and that he would be subject to the jurisdiction of the State of Michigan. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 8). Plaintiff argues that Defendant Jones agreed to arbitrate all disputes with Plaintiff that do not concern the non-competition and non-disclosure provisions of the Employment Agreement "at the Regional Office for AAA, Southeast Michigan within the state of Michigan." (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 9). Plaintiff asserts that Defendants have not demonstrated that the balance of considerations so strongly favors litigating this matter in Florida that Plaintiff's choice of forum should be disturbed. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 9). Plaintiff contends that the Defendants have only demonstrated that transfer of venue to Florida will shift any inconvenience from Defendant Jones to Plaintiff. (Pl.'s Resp. to Defs.' Mot. to Change Venue, or, Alternatively, to Dismiss this Action Against Def. Chauncey Jones at 9).

Defendants essentially raise the same arguments previously noted to support its position in this factor. Each of the arguments have been addressed above, the Court finding that those factors

15

do not weigh in Defendants' favor. Defendants have not demonstrated that the interests of justice factor weighs in their favor sufficiently to overcome Plaintiff's choice of forum. Weighing the interests of justice factor, along with the other factors addressed above, the Court denies Defendants' Motion to Change Venue.

**B.    Defendants' Alternative Motion to Dismiss Defendant Jones**

Defendants alternatively seek an order dismissing Defendant Jones claiming that this Court lacks personal jurisdiction over Defendant Jones under M.C.L. § 600.745(2) because Michigan is not a reasonably convenient place for the trial of this action. In response, Plaintiff argues that because Defendant Jones and Plaintiff agreed to be subject to the jurisdiction of the State of Michigan and that Michigan is a reasonably convenient place for the trial, Defendant Jones should not be dismissed from this action pursuant to M.C.L. § 600.745(2).

M.C.L. § 600.745(2) provides as follows:

> If the parties agreed in writing that an action or controversy may be brought in this state and the agreement provides the only basis for exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:
>
> (a)    The court has the power under the law of this state to entertain the action.
>
> (b)    This state is a reasonably convenient place for the trial of the action.
>
> (c)    The agreement as the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>
> (d)    The defendant is served with process as provided by court rules.

M.C.L. § 600.745(2).

16

Defendants only raise in their motion that subsection (c)–this state is a reasonably convenient place for trial–cannot be met. However, as analyzed above, the Court finds that weighing the factors noted above, Defendants have not shown that Michigan is not a convenient place to try this action. The Employment Agreement otherwise meets M.C.L. § 600.745(2) since Defendants do not argue that this Court does not have the authority to entertain this action, or that the Employment Agreement was entered into under duress, or Defendant Jones was not served with process as provided by court rules. Defendants' alternative motion to dismiss Defendant Jones is denied.

**C.      Plaintiff's Motion for Preliminary Injunction**

**1.      Preliminary Injunction Standard**

Pursuant to this Court's Order issued on May 5, 2006, Plaintiff's Motion for Preliminary Injunction and Other Relief are to be heard in two parts. This opinion addresses Plaintiff's motion in regards to the non-competition provision of the employment agreement between Plaintiff and Defendant Jones. Should Plaintiff wish to further pursue the matter, a hearing date will be set at a later time to address Plaintiff's motion in regards to enjoining Defendants from utilizing Plaintiff's trade secrets and confidential information, and ordering the Defendants, at Defendant's expense, to allow a third party to examine their computer systems to determine whether any of Plaintiff's confidential and proprietary information is present.

Whether a preliminary injunction should issue lies within the sound discretion of the district court. *Golden v. Kelsey-Hayes,* 73 F.3d 648, 653 (6th Cir. 1996). In determining whether to grant or deny an injunction, the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial

17

harm to others; and, (4) whether a preliminary injunction would be in the public interest. *Connection Distributing Co. v. Reno,* 154 F.3d 281, 288 (6th Cir. 1998) "None of these factors, standing alone, is a prerequisite to relief; rather the court should balance them." *Kelsey-Hayes*, 73 F.3d at 653. A district court is required to make specific findings concerning each of the factors unless fewer are dispositive of the issue. *Performance Unlimited v. Questar Publishers, Inc.* 52 F.3d 1373, 1381 (6th Cir. 1995)

### 2.    Likely to Prevail on the Merits

Initially, this Court must determine what law will apply in evaluating the enforceability of the non-compete provisions of the employment agreement. *Lowry Computer Products v. Head*, 984 F. Supp. 1111, 1113 (E.D. Mich. 1997). Defendants do not argue in their brief that Michigan law does not apply. In addition, the employment agreement between Defendant Jones and Plaintiff includes a provision which states, "[t]his agreement is governed by the laws of the State of Michigan and both parties hereby agree that each is subject to the jurisdiction of the State of Michigan, County of Oakland." (Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 2). There is agreement that the laws of the state of Michigan apply to Defendant Jones' Employment Agreement with Plaintiff.

Under Michigan law, a non-competition agreement is enforceable to the extent that it is "reasonable as to its duration, geographical area, and the type of employment or line of business." *Superior Consulting Co. v. Walling*, 851 F. Supp. 839, 847 (E.D. Mich. 1994); *Lowry Computer Products*, 984 F. Supp. at 1115-16. *See* M.C.L. § 445.774a(1). As to duration, courts have upheld time periods of six months to three years. *Lowry Computer Products*, 984 F. Supp. at 1116.

Plaintiff argues that the non-competition provision in the Employment Agreement is valid

18

and reasonable. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 9). Plaintiff states that if this Court finds the non-competition provision to be unreasonable in any respect, Michigan law permits the provision to be limited by the Court. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 9).

The non-competition provision prevents Defendant Jones from competing against Plaintiff for a period of four years. (Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 2). Defendants argue that Plaintiff makes no attempt to show that this length of time is necessary or bears any relationship to the realities of the marketplace. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 13). Defendants also contend that the duration of the non-competition provision is unreasonable when combined with the other restriction in the employment agreement. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 13).

The duration of the non-competition agreement appears to be beyond the duration courts have found to be reasonable. Plaintiff has not supported its argument that four years is necessary to ensure Plaintiff's competitive edge during these four years. This Court recognizes that other courts have upheld non-competition agreements from a period of six months to three years as reasonable, and, for purposes of this motion, declines to find a period of four years as reasonable.

Geographic limitations in non-competition agreements must be tailored so that the scope of the agreement is no greater than is reasonably necessary to protect the employer's legitimate business interests. *Superior Consulting Co.*, 851 F. Supp. at 847.

As mentioned previously, Plaintiff asserts that the non-competition provision is valid and reasonable. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 9). Plaintiff contends that

19

during the course of Defendant Jones' eight-year affiliation with Plaintiff, he acquired knowledge of its sales practices, pricing strategies, and confidential customer information in which Plaintiff has a legitimate business interest.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8).

Defendants argue that Plaintiff requests this Court to enforce an agreement that prohibits Defendant Jones from being employed "in any state in the United States in which [Plaintiff] has an existing customer determined as of the date of termination."  (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 13).  Defendants assert that Plaintiff has not identified the customers or the states subject to the geographic limitation, and that at the time of his termination, Defendant Jones territory encompassed only four states.

The non-competition provision does not contain any geographic limitations.  Such an agreement can be reasonable if the employer actually has legitimate business interests throughout the world.  *Superior Consulting Co.*, 851 F. Supp. at 847.  In the instant matter, the non-competition provision in Defendant Jones' employment agreement prevents him from working anywhere in the United States in which his employment may directly or indirectly service, advise,  or work for an individual, firm, or corporation engaged in a "Restricted Business."  (Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 2).  "Restricted Business" refers to any business involved in the development, sale and/or support of application software programs or systems for use by public sector organizations.  (Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 2).  "Public Service Organizations" include cities, counties, municipalities, towns, townships, or other local, state or federal governmental bodies, boards or agencies, police departments, fire departments, jail managerial organizations, court management organizations, public or private, state, local or regional

20

schools and school districts, utilities (both public and private), units within such organizations and similar public and quasi-public organizations and agencies, federal, state, or local.  (Pl.'s Mot. for Preliminary Injunction and Other Relief, Ex. 2).

Plaintiff has not submitted evidence to show a legitimate interest that is served by the unrestricted geographic limitation, and has not asserted that it has legitimate business interests throughout the world.  Plaintiff has stated that it is a public sector software company that develops integrated software solutions for state and local governments.  (Pl.'s Mot. for Preliminary Injunction and Other Relief at 1).  Although state and local governments exist all over this country, the unrestricted geographic limitation appears to be not reasonable, for purposes of this motion.  This Court finds that Plaintiff has not shown it would prevail on the issue that the geographic area limitation set forth in the non-competition agreement is reasonable.

Turning to the type of employment or line of business, the non-competition provision appears to restrict Defendant Jones from working for any organization which competes directly or indirectly with Plaintiff.  A limitation on working in any capacity for a competitor of a former employer is too broad to be enforceable.  *Superior Consulting Co.*, 851 F. Supp. at 847; *see also Telxon Corp. v. Hoffman*, 720 F. Supp. 657 (N.D. Ill. 1989).

The Court finds that, for purposes of this motion, Plaintiff has not shown that the type of employment restriction set forth in the agreement is reasonable.  It appears that the employment restriction is broad.

For the reasons set forth above, Plaintiff is unlikely to prevail on the merits since Plaintiff has not shown that the restrictions in the non-competition provision are reasonable, for purposes of this motion.

21

### 3.        Irreparable Injury

Plaintiff asserts that Defendant Jones has not returned Plaintiff's Price lists and Sales Playbook. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8). Plaintiff argues that the DFC's reports indicate that after Defendant Jones became a sales representative for Defendant Tyler, his laptop computer was utilized to access and copy information from ACT. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8). Plaintiff contends that these facts demonstrate that Defendant Jones has no intention of abiding by the non-confidentiality provision of the Employment Agreement. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8). During oral arguments, Plaintiff contended that Defendant Jones was one of only a handful of sales representatives qualified to perform the type of sales that he engaged in, and that Defendant Jones was the perfect sales representative.

Defendants argue that Plaintiff fears that it may lose business to Defendant Tyler as a result of Defendant Jones' efforts, and that this does not constitute irreparable harm. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 18). Defendants assert that since Plaintiff's business involves bidding on projects, it would be able to calculate lost profits to support a remedy at law and not irreparable harm. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 18). Defendants contend that due to the fact that Defendant Jones was terminated from his position with Plaintiff, there could be no irreparable harm upon the Plaintiff that would require this Court to issue a preliminary injunction. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 17).

It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is

22

not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Basicomputer,* 973 F.2d at 512.

This Court finds that although Plaintiff may be able to be fully compensated in money damages for the lost business resulting from Defendant Jones' actions, Plaintiff has shown it may suffer the loss of customer goodwill which is irreparable. This factor weighs in favor of Plaintiff.

### 4.    Substantial Harm to Others

Plaintiff argues that it would be harmed if it is not entitled to the benefit of its bargain which prevents Defendant Jones from competing with Plaintiff within four years of leaving the company. (Pl.'s Mot. for Preliminary Injunction and Other Relief at 8).

Defendants argue that a preliminary injunction would only serve to harm Defendant Jones. (Defs.' Br. in Resp. to Pl.'s Mot. for Prelim. Inj. Regarding Non-Competition at 17).

Weighing this factor, the Court finds that Defendant Jones will be harmed if the Court were to issue this injunction because he may be unable to obtain employment in his state of residence as a sales representative, given his current skills.

### 5.    Public Interest

This Court finds that the public interest factor does not favor either party. There is public interest in abiding with contractual agreements entered into between parties, which weighs in Plaintiff's favor. On the other hand, there is also public interest against employment agreements which unreasonably restrict an individual from obtaining future employment.

Weighing the four factors set forth above, the Court finds that a preliminary injunction based

23

on the non-competition clause set forth in the Employment Agreement between the parties should not issue.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Change Venue or, Alternatively, to Dismiss this Action against Defendant Chauncey Jones **[Docket No. 5, filed April 21, 2006]**, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction and Other Relief **[Doc. No. 6, filed April 26, 2006]** is DENIED.

IT IS FURTHER ORDERED that a Status Conference in this matter be held on **Tuesday, June 2, 2009, 2:30 p.m.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 14, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

24