**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NEW WORLD SYSTEMS CORPORATION,

                        Plaintiff,        Case No. 2:06-cv-11603
                                            Hon. Denise Page Hood

v.

CHAUNCEY JONES and TYLER        Magistrate Judge Virginia M. Morgan
TECHNOLOGIES, INC.,

                        Defendants.

---

SAFFORD & BAKER, PLLC                  Daniel J. Bernard (P34225)
Ralph R. Safford (P24633)                 William E. Altman (P52788)
Attorneys for Plaintiff                       Attorneys for Defendants
40900 Woodward Avenue, Suite 275     31780 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48304        Bingham Farms, Michigan 48025
(248) 646-9100                                  (248) 540-8019

Claudia V. Babiarz (P36230)
Co-Counsel for Plaintiff
888 W. Big Beaver Road, Suite 600
Troy, Michigan 48084
(248) 269-1000
VERCRUYSSE, MURRAY & CALZONE, PC

---

**SECOND AMENDED COMPLAINT**

      New World Systems Corporation ("New World"), by and through its attorneys, Safford & Baker, PLLC, and Claudia V. Babiarz, complains against Defendants Chauncey Jones and Tyler Technologies, Inc. ("Tyler") as follows:

      1.     New World is a corporation incorporated under the laws of the State of Michigan which maintains its principal place of business in Oakland County, Michigan.

2. Defendant Jones is an individual residing in Hillsborough County, Florida.

3. Defendant Tyler is a corporation incorporated under the laws of the State of Delaware which does business in Michigan.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because New World is alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

## BACKGROUND

5. New World is a public sector software company that develops, markets, and supports integrated standard software solutions for use by local and state governments. New World's primary (but not exclusive) market consists of cities and counties within the United States.

6. From September 1998 to January 2006, New World employed Defendant Jones as a sales representative.

7. On September 21, 1998, New World and Defendant Jones entered into an Employment Agreement. Relevant excerpts from the Employment Agreement are attached to this Second Amended Complaint as **Exhibit 1**.

8. The Employment Agreement contains a Non-Disclosure provision pursuant to which Jones agreed that he would not

> directly or indirectly use, disclose or distribute information or property held confidential by New World including, without limitation, contracts, proprietary information, trade secrets, Customer lists, prospect lists, employee lists, business practices, methods, inventions, discoveries, mailing lists, pricing information, sales records, price lists, contracts, forecasts, computer programs, formulas, technical information, and/or

>other tangible or intangible property relating to New World's business. [**Exhibit 1**, p. 3.]

9. New World provided Defendant Jones with New World's confidential information to assist him in his sales position. Among other things, Jones was given access to New World's ACT! marketing database for his sales territory, which contains New World's comprehensive compilation of information on its customers and prospects accumulated by New World employees. New World also provided Jones with its price lists and sales playbook.

10. In addition, New World provided Defendant Jones with a company laptop computer and other New World property and equipment.

11. As with all New World employees who are issued company laptop computers, New World required Jones to sign an agreement obligating him to return the laptop computer to New World immediately upon termination of his employment. See **Exhibit 2**.

12. Most, if not all, of the documents containing confidential and highly sensitive information which were provided to Defendant Jones are marked "Confidential." See, e.g., **Exhibit 3** (cover page of New World Price List).

13. In January 2006, New World terminated Defendant Jones' employment.

14. Pursuant to ¶ I of the General Terms and Conditions of Employment section of the Employment Agreement, upon termination of his employment, Defendant Jones was obligated to deliver to New World all of the New World property and confidential information in his possession.

15. Following the termination of his employment with New World, despite repeated requests from New World (both verbally and in writing), Defendant Jones failed to promptly

return to New World his company laptop computer, projector, and other New World property in his possession.

16. Following the termination of his employment with New World, despite repeated requests from New World (both verbally and in writing), Defendant Jones failed to promptly return to New World the confidential information in his possession, including but not limited to New World price books and/or price lists; New World's Sales Playbook; customer information; customer surveys; customer assignment lists; budgets; telephone and/or employee lists; New World's policies and procedures; New World proposals submitted to prospects and/or customers; sales forecasts; territory reviews; sales pipeline information; database and other confidential information stored on the New World laptop computer; as well as other confidential information that is clearly marked as such.

17. Upon information and belief, at the commencement of his employment with the company, Defendant Tyler provided Defendant Jones with a laptop computer.

18. Nevertheless, Defendant Jones continued to use the laptop computer issued to him by New World.

19. On February 28, 2006, Jones used the New World laptop computer to send an e-mail to a representative of Florida Governmental.

20. On March 3, 2006, Jones used the New World laptop computer to send e-mails to representatives of North Miami, Florida, and Palm Beach, Florida, in which he solicited business on behalf of Tyler.  North Miami and Palm Beach are New World prospects that Jones solicited as a New World sales representative.

21. After the termination of his employment with New World, Jones created reports from New World's ACT! marketing database which he saved and, in at least one instance, copied to a CD.

22. Upon information and belief, after being told by Defendant Tyler to return New World's laptop computer, Defendant Jones deleted more than 3,000 files from the laptop computer between March 20 and March 23, 2006. Virtually all of the deleted files contained New World information and data.

## COUNT I – COMPUTER FRAUD AND ABUSE ACT
### [DEFENDANT JONES AND DEFENDANT TYLER]

23. New World incorporates by reference ¶¶ 1–24 of this Second Amended Complaint.

24. The laptop computer provided by New World to Defendant Jones is a "protected computer," as set forth in 18 U.S.C. § 1030(e)(2)(B), because it was used in interstate commerce and communication.

25. Defendant Jones' accessing of the laptop computer after January 13, 2006, was unauthorized.

26. Defendant Jones was acting as an agent of Defendant Tyler at the time that he accessed the laptop computer without authorization.

27. Defendant Jones' access of the laptop computer after January 13, 2006, was intentionally done for the purpose of obtaining New World's confidential information for Defendants' commercial advantage.

28.     While accessing the laptop, Jones also deleted more than 3,000 files, most of which contained New World data and information.

29.     New World has been unable to recover most of the files deleted by Jones and is unable to determine whether it has other copies of the deleted material.

30.     As a direct and proximate result of Defendants' conduct, New World has suffered damages in excess of $5,000, including but not limited to the cost of investigating Defendant Jones' unauthorized access of the laptop computer.

31.     Jones' conduct constitutes a violation of the Computer Fraud and Abuse Act.

32.     New World has suffered "loss" and "damage" as a direct result of Jones' wrongful conduct as those terms are defined in the Computer Fraud and Abuse Act, entitling New World to recover under the Act for such wrongful conduct.

### RELIEF REQUESTED

Plaintiffs request that this Court award New World damages for Defendants' violation of the Computer Fraud and Abuse Act in an amount to be determined by this Court, together with interest and costs.

                                        Respectfully submitted,

                                        SAFFORD & BAKER, PLLC

Dated:  September 29, 2009        By: /s/*Ralph R. Safford*
                                             Ralph R. Safford (P24633)
                                             Attorneys for New World
                                             40900 Woodward Avenue, Suite 275
                                             Bloomfield Hills, Michigan 48304
                                             (248) 646-9100

                                             Claudia V. Babiarz (P36230)
                                             Co-Counsel for New World
                                             888 W. Big Beaver Road, Suite 600
                                             Troy, Michigan 48084
                                             (248) 269-1000

---

**PROOF OF SERVICE**

    I hereby certify that on **September 29, 2009**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Daniel J. Bernard and William E. Altman.

                                             /s/*Brenda F. Blasingame*
                                             Safford & Baker, PLLC
                                             40900 Woodward Avenue, Suite 275
                                             Bloomfield Hills, Michigan 48304
                                             (248) 646-9100
                                             bblasingame@saffordbaker.com